Argued November 30; judgment rendered December 13, 1938

## In re ENRIGHT

(85 P. (2d) 359)

■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■

■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■

*W. V. Van Emon,* of Klamath Falls (U. S. Balentine, of Klamath Falls, on the brief), for T. J. Enright.

*John F. Steelhammer,* of Salem (Otto J. Frohnmayer, Kenneth G. Denman and Harry C. Skyrman, all of Medford, on the brief), for Oregon State Bar.

KELLY, J. On December 9, 1936, the Oregon State Bar filed a complaint with its Board of Examiners against T. J. Enright. On December 16, 1936, the accused filed an answer thereto. On April 2 and 3, 1937, a hearing was had before the trial committee. On October 5, 1937, said trial committee filed its findings and recommendations. On October 26, 1937, accused filed his notice of appeal with said Board of Governors. On February 26, 1938, said board caused to be filed in

the supreme court their decision and recommendation together with the transcript of the hearing had before the trial committee and all other records in the matter. On June 11, 1938, the accused filed with the supreme court his notice of appeal from the findings, recommendations and decisions of said trial committee and said Board of Governors, and on said last named date with said notice of appeal the accused filed his brief herein. On July 1, 1938, the brief of the Oregon State Bar was filed herein.

Count 1 of the complaint alleges that on or about the 24th day of October, 1934, in the justice's court for Medford district the accused was convicted of the crime of driving an automobile while under the influence of intoxicating liquor, which crime was committed on May 20, 1934, in Jackson county. For this defendant was sentenced to serve 30 days in the county jail and to pay a fine of $100.

Count 2 charges a conviction of defendant in the circuit court of Jackson county of a similar offense committed on August 11, 1934, for which defendant was sentenced to serve 90 days in the county jail and pay a fine of $100.

Count 3 charges a conviction of defendant in the city court of Medford upon a charge of being drunk in a public place in said city on December 22, 1935, for which defendant paid a fine of $10.

Count 4 charges in effect that defendant has willfully failed to support the laws of the state of Oregon, by committing the three offenses just enumerated.

The trial committee found that count 5 was not proved. We concur with the finding of the committee and, therefore, refrain from discussing said count.

Count 6 charges that defendant issued certain checks upon banks wherein he did not have sufficient funds with which to pay them.

In subdivision c of said count 6, it is also alleged that a clerk at a Medford hotel filed a complaint charging defendant with defrauding an innkeeper, which charge was dismissed upon payment of the returned check issued by defendant in the sum of $2 for his hotel accommodations.

Count 7 was added to the complaint by amendment after the testimony had been heard. In said count it is charged that during the two years immediately preceding the filing of the complaint defendant frequently appeared in public places in a drunken and boisterous condition, at such times and places, he was grossly profane, and on several occasions became embroiled in fights. It is also alleged in count 7 that on or about the 28th day of February, 1936, accused was apprehended by police officers in Jackson county for being drunk in a public place; and that he was then placed under arrest and put up his watch as bail, but no formal charge was lodged against him.

The trial committee found accused guilty of the charges set forth and contained in counts 1, 2, 3, 4, 6 and 7, except of moral turpitude therein, and recommended that he be permanently disbarred.

The Board of Governors of the Oregon State Bar concurred in the findings and recommendations of the trial committee with the addition that the offenses set forth and contained in counts 2 and 6 involved moral turpitude upon the part of accused.

We think that the trial committee's findings are sustained by the record.

■ We are unable to agree with the Board of Governors that the nature of the crime, that is, whether a felony or misdemeanor, should be determined by the nature of the punishment which the court is authorized to impose and not that actually inflicted by the court.

The authorities supporting the rule here invoked by the board are from jurisdictions having no statute similar to the statute of Oregon on that subject. We quote the Oregon statute:

"A felony is a crime which is punishable with death, or by imprisonment in the penitentiary of this state. When a crime punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor *for all purposes* after a judgment imposing a punishment other than imprisonment in the penitentiary." Section 13-103, Oregon Code 1930. Italics supplied.

The record, therefore, does not disclose that the accused herein was convicted of a felony. Driving a motor car while intoxicated however, is malum in se. So also is drunkenness in a public place. The passing of worthless checks is a common result of gross drunkenness.

■ We regret to be compelled to say of the defendant herein that his misconduct requires discipline. We are hopeful of his reformation and, for that reason, the recommendation of the Board of Governors of the Oregon State Bar will be and is hereby modified to the effect that the accused, T. J. Enright, be and he is hereby suspended from practice for six months and placed upon probation for two years thereafter.

BEAN, C. J., and ROSSMAN and BELT, JJ., concur.