Argued October 7, affirmed November 4, 1964
## STATE OF OREGON *v.* COMMEDORE
396 P. 2d 216

*Millard M. Becker,* Portland, argued the cause for appellant. With him on the brief were Groce, Becker & Ellis, Portland.

*Vincent G. Ierulli,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL and DENECKE, Justices.

McALLISTER, C. J.

The defendant, William Commedore, plead guilty in Multnomah county to an indictment charging him with the crime of burglary not in a dwelling, and on April 4, 1963 was sentenced to a term in the penitentiary not exceeding five years. Thereafter, on April 10, 1963, the district attorney filed an information charging that the defendant had committed four prior felonies and asking the court to vacate the five-year sentence, and to impose an enhanced penalty pursuant to the habitual criminal act, ORS 168.015 to 168.085. The defendant stood mute to the information alleging his four prior convictions, and a hearing was held. The court found① that the defendant had been convicted of three of the four prior felonies listed in

---

① Although the habitual criminal act does not provide for a jury trial, the court in this case used a jury, presumably in an advisory capacity. We have held that no constitutional right is violated by the failure to provide a trial by jury. State v. Hoffman, 236 Or 98, 107, 385 P2d 741 (1963); State v. Ellis, 238 Or 104, 392 P2d 647 (1964).

the information. The court then vacated the original five-year sentence and imposed a sentence of imprisonment in the penitentiary for a term not exceeding 19 years, from which enhanced penalty the defendant appeals.

■■ On appeal defendant contends that one of the former convictions was not the conviction of a felony, but of a misdemeanor. At the enhanced penalty hearing the state offered a certified copy of the judgment of the circuit court for Multnomah county entered on November 27, 1956, from which it appears that defendant was convicted upon his plea of guilty of the crime of burglary not in a dwelling and was sentenced to imprisonment in the Multnomah county jail for a period of one year. Defendant contends that because he was not sentenced to a term in the penitentiary this former conviction was of a misdemeanor, and relies on ORS 161.030.[2]

In 1956 the only penalty provided by law as punishment for the crime of burglary not in a dwelling was "imprisonment in the penitentiary for not more than five years." ORS 164.240.[3] Because the trial judge

---

[2] ORS 161.030 "(1) Crimes are divided into felonies and misdemeanors.

"(2) A felony is a crime which is punishable with death or by imprisonment in the penitentiary of this state. When a crime punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes, after a judgment imposing a punishment other than imprisonment in the penitentiary or in the Oregon State Correctional Institution.

"(3) Every crime not included in subsection (2) of this section is a misdemeanor."

[3] ORS 164.240 "Any person who breaks and enters any building within the curtilage of any dwelling house, but not forming a part thereof, or breaks and enters any building or part thereof,

who imposed the sentence in that case, for some inexplicable reason, ignored the plain provisions of the statute and sentenced defendant to a term in the county jail instead of a term in the penitentiary, his sentence did not change the crime from a felony to a misdemeanor. In *Rightnour v. Gladden,* 219 Or 342, 347 P2d 103 (1959) it is pointed out in an opinion by REDDING, J. that a sentence must conform to the statute authorizing it.

█ The defendant relies on *In re Enright,* 160 Or 313, 85 P2d 359 (1938). In that case Enright, an attorney, had been twice convicted of driving a motor vehicle while under the influence of intoxicating liquor in violation of § 24-503 OCLA. That section provided that a person convicted of a second violation thereof "shall be deemed guilty of a felony and, upon conviction thereof, shall be imprisoned in the state penitentiary for not less than one year nor more than five years, and shall be fined not less than $200 nor more than $500." The Board of Governors of the Oregon State Bar argued that Enright's second violation constituted a felony and that he should be disbarred. In response to that contention this court said:

> "We are unable to agree with the Board of Governors that the nature of the crime, that is, whether a felony or misdemeanor, should be determined by the nature of the punishment which the court is authorized to impose and not that actually inflicted by the court." *In re Enright,* 160 Or at 316.

We think the quoted statement is not accurate. Whether

---

booth, tent, railroad car, vessel, boat, or other structure or erection in which any property is kept, with intent to steal or to commit any felony therein, is guilty of burglary and shall be punished upon conviction by imprisonment in the penitentiary for not more than five years." [The foregoing section was amended by Oregon Laws 1959 ch 99 § 1]

a crime is a felony or a misdemeanor is normally determined by the nature of the punishment which the court is authorized to impose. If the only punishment authorized is imprisonment in the penitentiary, the crime is a felony. If the only punishment authorized is a fine or imprisonment in a county jail, the crime is a misdemeanor. It is only when, in the discretion of the court, the crime may be punishable by either imprisonment in the penitentiary or by imprisonment in the county jail that a county jail sentence classifies the crime as a misdemeanor. As far as it is inconsistent with what is said here the *Enright* case is overruled.

This appeal is without merit, and the judgment of the trial court is affirmed.