Argued April 3, affirmed May 1, petition for rehearing
denied May 29, 1968

**STATE OF OREGON, *Respondent, v.*
GEORGE W. SISNEY, *Appellant.***

440 P. 2d 372

*Francis W. Linklater,* Eugene, argued the cause and filed the brief for appellant.

*Stephen H. Keutzer,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was John B. Leahy, District Attorney, Eugene.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Defendant was convicted of contributing to the delinquency of a minor. The substance of the charge was that he attempted to entice a 14-year-old girl to engage in prostitution. Numerous assignments of error are made by defendant concerning evidence and instructions. We have examined them in detail and find that they have all been passed upon in other similar cases and are without merit.

Another assignment of error concerns the sentence. The court suspended the imposition of sentence and placed the defendant on probation for five years. Several conditions of the probation were imposed by the court. One was that defendant must serve one year in the county jail.

ORS 137.540 provides:

"The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:

"(9) Be confined to the county jail for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser."

ORS 167.210 provides the penalty for contributing to the delinquency of a minor shall be "by imprisonment in the county jail for a period not exceeding one year * * * or by imprisonment in the penitentiary for a period not exceeding five years."

ORS 161.030(2) states:

"* * * When a crime punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes, after a judgment imposing a punishment other than imprisonment in the penitentiary or in the Oregon State Correctional Institution."

Defendant contends that this statute must be construed with ORS 137.540(9) in the instant case.

The defendant's reasoning is: A misdemeanor is limited to the maximum confinement of one year, and one-half of that under ORS 137.540(9) is six months. Therefore, six months is the allowable limit of confinement as a term of probation. The state answers that the maximum confinement that "could be imposed for the offense" is five years; hence, the one-year limitation would be effective.

The state contends that there was no "punishment" because imposition of sentence was suspended; hence, ORS 161.030(2) does not come into play.

■ The statutes quoted are not easily construed together. They must be viewed in the light of their legis-

lative history, and as required by ORS 161.050, which provides that criminal statutes "shall be construed according to the fair import of their terms with a view to effect their objects and to promote justice."

Prior to 1965 trial judges sometimes suspended imposition of sentence on persons convicted in their courts and placed them on probation, which included as a condition a term in the county jail. ORS 137.510 provides authority for suspending imposition of sentence. After serving the jail term, if the other terms of probation were satisfactorily completed, the probationer would have escaped prison sentence for a felony, which, it was reasoned, was helpful to his further rehabilitation. If during the term thereof he violated probation he could be sentenced. The objects of justice in appropriate cases were served, and the relatively short confinement in jail so impressed the probationer that it made him receptive to rehabilitation. No statute specifically authorized this procedure. The 1965 legislature, impressed by this reasoning, incorporated specific authority for it in ORS 137.540(9). (Oregon Laws 1965, ch 346.)① At that time the part of ORS 161.030(2) material here was in its present form.

If we were to construe the words "punishable" and

---

① This was Senate Bill 317 of the 1965 legislature, introduced by the Senate Judiciary Committee at the request of the Oregon State Bar Committee on Criminal Law and Procedure.

Testimony before the Senate Judiciary Committee included a statement that the bill would give to courts authority to impose as a term of probation a jail sentence "not to exceed one-half of the maximum penalty that could be imposed." The Committee was told the practice authorized by the bill already was in use, but authority to impose a sentence if terms of probation were violated after the jail sentence was completed was not clear, and therefore needed.

In the Judiciary Committees of both houses the testimony was to the general effect stated in text.

"punishment" in the context in which they are used in ORS 161.030(2), as defendant contends we should, the objects of the legislature in enactment of ORS 137.540(9) would fail. In *State v. Commedore,* 239 Or 82, 396 P2d 216 (1964), where the question under consideration was different, but ORS 161.030(2) was being construed, we treated the word "punishable" as though it read "punishable by sentence." We held that a trial court could not, through a sentence to county jail, change a conviction into a misdemeanor, which, under its own definition can be a felony only.

■ We hold that there was no "punishment" within the meaning of the word in ORS 161.030(2) in the instant case. The terms of the court-imposed probation are valid. The construction we place upon these statutes is limited to the question here involved in order to effect the obvious object of the legislature.

**Judgment is affirmed.**