Argued October 26, affirmed December 27, 1971, petition for rehearing denied by opinion March 23, petition for review allowed June 27, 1972

# STATE OF OREGON, *Respondent, v.* RICHARD SHELDON CLIFFORD, *Appellant.*

491 P2d 1195
495 P2d 49

*Tyler Marshall,* Portland, argued the cause for appellant. With him on the brief were Tamblyn, Bouneff, McLennan, Muller, Marshall & Hawkes, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

Defendant was convicted after a jury trial of three counts of being an accessory after the fact, ORS 161.230, to two murders and the crime of Taking Away Child with Intent to Detain from Parent, all committed by one Douglas Wright. The sole assignment of error that merits discussion is that the trial court erred in failing to grant defendant's motions for judgment of acquittal at the end of the state's case and at the end of all the evidence.

It was not disputed at trial that late September 1, 1969, or early September 2, 1969, Douglas Wright killed one Gail Snelling and her mother, Margaret Rosenberry, in the Snelling home. Nor was it disputed that after these two murders, Douglas Wright took Gail Snelling's five-year-old son by a former marriage with him when he left the Snelling home. Whether the present defendant did anything after September 2, 1969, that would make him an accessory after the fact to these crimes was hotly disputed at trial.

■ The statute under which defendant was charged provides:

"All persons are accessories who, after the commission of any felony, conceal or aid the offender, with knowledge that he has committed a felony, and with intent that he may avoid or escape from arrest, trial, conviction or punishment." ORS 161.230.

In order to be convicted under this statute the defendant must have done a *specific act,* that is, "conceal or aid," with two separate *mental elements,* that is, (1) "knowledge that [the person aided] has committed a felony," and (2) "intent that [such person] may [avoid the consequences of his crime]." No issue has been raised on appeal as to whether the state presented adequate evidence on the two mental elements for these questions to be submitted to the jury. The sole question is whether the evidence, viewed in the light most favorable to the state, was sufficient to go to the jury on the issue of whether defendant did any specific act that amounted to concealing or aiding Wright.

The state argues there was evidence that defendant concealed or aided Wright in that: (1) there were meetings between defendant and Wright; (2) defend-

ant attempted to intimidate a witness; and (3) defendant lied to police officers searching for Wright.

As noted above, Wright had completed the three principal crimes by the early morning hours of September 2, 1969. There is testimony from which the jury could have found that defendant had three meetings with Wright in the weeks that followed. One was the evening of September 2 or 3, when Wright, and one Jerry Rapue talked and played pool with defendant in a tavern. Another was the evening of September 2, 3 or 4, when Wright and Jerry Rapue visited defendant at his home. The final meeting occurred in early October when defendant traveled to the Trippett residence where Wright was then staying.

■ None of the witnesses for the state testified as to what transpired at these meetings. In its brief the state here argues:

"* * * It is understandable that there is no direct evidence of what was discussed at these meetings, but * * * the jury could reasonably infer that these meetings aided Wright to some degree."

We disagree. For the jury to reach such a conclusion would have been sheer speculation, not a reasonable inference from any evidence in the case.

■ The state's evidence concerning possible intimidation of a witness was developed through the testimony of Dee Willems, who was living with defendant for many months both before and after the events of September 1969. Although her testimony was confused and frequently contradictory, from it the jury could have found that at some point defendant threatened to throw battery acid in her face if she ever testified

against him or Wright, or both, and made general statements to the effect that informers deserve to die.

The problem we have with this evidence is that it was never established when these threats were made. From all appearances in the record, they were made before September of 1969. Even assuming that threats made to a potential witness would be "aiding" under ORS 161.230, such threats would have to have been made *after* the commission of the principal's crime. There was no such evidence in this case.

■ This brings us to what we view as the central question presented in this appeal. There was evidence from which the jury could have found that when questioned by two police detectives on September 5, 1969, the defendant was asked if he had recently seen Wright, and answered in the negative, and that defendant's reply was not truthful. Does defendant's lie constitute sufficient evidence to go to the jury on the question of whether that lie was an act that amounted to "concealing or aiding" Wright within the meaning of ORS 161.230?

In *State v. Rosser*, 162 Or 293, 345, 86 P2d 441, 87 P2d 783, 91 P2d 295 (1939), the Oregon Supreme Court approved an instruction that stated, "if * * * [the defendant] had knowledge of the [crime] and remained silent * * * you should not convict him." However, the evidence here shows more than passive nondisclosure; instead, the jury was entitled to believe defendant told the police an affirmative falsehood. Whether such a falsehood may violate the accessory statute, ORS 161.230, is a novel question in Oregon.

■ We conclude that under proper instructions,[①] the

---

[①] No error is assigned concerning the jury instructions in this case. In fact, the record before us does not even include the instructions.

evidence concerning defendant's lie was sufficient to go to the jury. This result is supported by *Commonwealth v. Wood,* 302 Mass 265, 19 NE2d 320 (1939), and *People v. Duty,* 269 Cal App2d 97, 74 Cal Rptr 606 (1969). Both cases involved interpretation of accessory statutes virtually identical to ORS 161.230. Both cases hold that an affirmative lie to the police or other investigators may violate the accessory statute provided it is found to have frustrated the police investigation of the principal's crime. The proviso makes the rule concerning a falsehood situation consistent with other accessory-after-the-fact situations in which

> "It was recognized even in the very early law that comfort or assistance which had no tendency to frustrate the due course of justice was not included." Perkins, Criminal Law 667 (2d ed 1969).

Whether defendant's lie to the police frustrated their investigation of the crimes committed by Wright was a question of fact for the jury.

Affirmed.

FORT, J., specially concurring.

The majority points out:

> "* * * The sole question is whether the evidence, viewed in the light most favorable to the state, was sufficient to go to the jury on the issue of whether defendant did any specific act that amounted to concealing or aiding Wright."

On that point I concur since the evidence shows more than passive nondisclosure by this defendant. I agree the jury could find that he told the police an affirmative falsehood, which he knew at the time was a lie, concerning whether he had recently seen Wright.

Since that was the sole question presented, I do not find it necessary to decide whether the evidence here is sufficient to support the conclusion that this defendant knew that Wright had committed any felony, as ORS 161.230 now requires,[1] let alone either of the two murders or the taking away of a child with intent to detain from its parent of which Wright was ultimately convicted.

Accordingly, I concur in the result.

### ON PETITION FOR REHEARING

---

[1] Oregon Laws 1971, ch 743, § 432, repeals ORS 161.030. Section 207 of that chapter, entitled *Hindering prosecution,* replaces it. The commentary on § 207 accompanying the Proposed Oregon Criminal Code points out:

> "* * * The common law required that an accessory after the fact have guilty knowledge that the person aided committed the crime. This rule has been eliminated in modern legislation concerned specifically with aiding offenders to avoid arrest. The requirement of intent to hinder law enforcement makes unnecessary the further requirement of knowledge. Knowledge that the person aided has committed a crime is simply evidence of the intent to aid the offender to escape justice."

Tyler Marshall, and Tamblyn, Bouneff, McLennan, Muller, Marshall & Hawkes, Portland, for petition.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

In our original opinion in this case the main question we considered was whether evidence that defendant lied to police investigating crimes committed by Douglas Wright was sufficient to create a jury question as to whether defendant was an accessory after the fact in that he had aided or concealed Wright within the meaning of ORS 161.230. We held that evidence of a lie *which frustrates the investigation* of the principal's crime was sufficient to take such a case to the jury.

On petition for rehearing defendant contends our holding, when applied to this record, requires reversal because there is no evidence from which the jury could have found that the lie did in some degree aid Wright by hindering his apprehension.

Our consideration of the briefs submitted on the petition for rehearing leads us to the conclusion that we incorrectly construed ORS 161.230 in so far as we held that a necessary element of the crime is that the act (here the lie) "frustrate" police investigation.

While the statutory language is not as precise as it might have been,[1] we do not believe it reasonable to interpret it as requiring that the state prove (1) what the police would have done had an act not happened, and (2) what the theoretical results of those theoretical activities would have been.

■ On the contrary, the only reasonable interpretation of the statute as to this question is that proof of an overt act (here the lie), coupled with proof of an unlawful intent (to aid or conceal) is sufficient to constitute the crime.[2] Surely if a person hands a wanted murderer an airline ticket for the purpose of flight the crime of aiding is complete even though both are apprehended five minutes later and the ticket is unused.

Our holding here is consistent with that in *People v. Duty,* 269 Cal App2d 97, 74 Cal Rptr 606 (1969), which is the closest case on the facts that we have discovered.

Petition for rehearing denied.

---

[1] ORS 161.230 has been superseded by ORS 162.325. Oregon Laws 1971, ch 743, section 207, pp 1932-33.

[2] As we pointed out in our original opinion the defendant concedes that there was evidence of unlawful intent.