Argued January 19, affirmed February 4, petition for rerhearing
denied March 7, petition for review
denied April 11, 1972

## STATE OF OREGON, *Respondent, v.* ROY WILLARD SHAY, *Appellant.*
493 P2d 737

*William D. Green, Jr.,* Roseburg, argued the cause and filed the brief for appellant.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

The defendant was convicted after jury trial of the crime of accessory to the commission of a felony and was sentenced to pay a fine of $250. ORS 161.230, 164.670.[1] He appeals, asserting that the trial court erred in denying (1) his motion to dismiss the indictment, (2) his motion for acquittal at the conclusion of the state's case, and (3) his motion for a directed verdict of acquittal at the conclusion of the trial.

The principal in the crime to which defendant was convicted of being an accessory, Harold W. Wylie, pleaded guilty to taking and using a motor vehicle without the owner's permission. ORS 164.670. He was sentenced to 90 days in the Douglas County jail.

The facts, which are not seriously in dispute,

---

[1] ORS 161.230 provides:

"All persons are accessories who, after the commission of any felony, conceal or aid the offender, with knowledge that he has committed a felony, and with intent that he may avoid or escape from arrest, trial, conviction or punishment."

ORS 164.670(1) provides:

"Every person who takes or uses without authority any vehicle, watercraft or aircraft without intent to steal it, or is a party to such unauthorized taking or using, shall be punished upon conviction by imprisonment in the penitentiary for not more than two years, or by a fine of not more than $500. For the first offense the court may reduce the punishment to imprisonment in the county jail for not more than six months, or a fine of not more than $200."

show that on January 30, 1971, the defendant and Wylie were passengers in a car driven by the defendant's brother, Robert Shay. There was evidence that Robert Shay stopped the car, backed it up alongside a car belonging to a Mr. and Mrs. Cagle, and let Wylie out. The Shay brothers then proceeded down the road for a distance when the right rear tire of the car in which they were riding went flat.

In the meantime, Wylie, after leaving the Shays, immediately hot-wired the Cagle car and drove it away. He passed the defendant and his brother, who were changing the flat tire, pulled off alongside the road and backed up to the Shay car. The Shays asked Wylie to come with them, but he refused and continued down the road in the Cagle car. The defendant and his brother, who was driving, followed Wylie shortly thereafter. They found him parked beside the road with the Cagle car high-centered on the edge of an embankment with the motor racing, the tires smoking and flat and the engine in gear. Wylie then, at the request of the defendant and his brother, left the Cagle car and got into the Shay car. At trial the defendant testified that it was his desire to get Wylie "away from the scene, to get him out of there." Later the defendant was let out at his home in Roseburg, Oregon, and Robert Shay and Wylie returned to their respective homes in Central Point, Oregon.

Subsequently, when the defendant was questioned by police, he denied that Wylie had been with his brother and him on January 30, 1971, and that he was unaware of Wylie's use of the Cagle car.[2]

---

[2] *See,* State v. Clifford, 8 Or App 494, 491 P2d 1195 (1971), 495 P2d 49, rev'd 95 Adv Sh 1759, — Or —, 502 P2d 1371 (1972), on the effect of a lie told to the police concerning the whereabouts of a defendant in a prosecution for being an accessory after the fact.

ORS 161.030(2) provides:

"A felony is a crime which is punishable by imprisonment in the penitentiary of this state. When a crime punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes, after a judgment imposing a punishment other than imprisonment in the penitentiary or in the Oregon State Correctional Institution."

ORS 161.210(2) provides, "There are no accessories in misdemeanors." The defendant would have us conclude that the "only * * * reasonable interpretation of these statutes is that since [the principal] Wylie was sentenced on the basis of a misdemeanor, no charge can properly continue against the accessories," and, therefore, the indictment against the defendant should have been dismissed. We disagree.

It will be recalled that ORS 164.670(1) provides that a person "who takes or uses without authority any vehicle * * * without intent to steal it" may, in the court's discretion, be punished by a fine or county jail sentence, rather than a penitentiary sentence, if he is a first offender. Thus, under defendant's construction, whether or not there could be accessories to the violation of ORS 164.670 might depend upon whether the principal was a first offender. Furthermore, the construction defendant urges requires that no accessory could ever be indicted, tried or sentenced until the principal was indicted, tried and sentenced. Such results are unreasonable and, in our view, clearly inconsistent with ORS 161.250:

"An accessory may be indicted, tried and punished though the principal is not indicted or tried."

■ While ORS 161.030 requires that a crime punish-

able, in the discretion of the court, by either imprisonment in the penitentiary or by imprisonment in the county jail is to be treated as a misdemeanor "for all purposes" as to the particular principal in the crime, *State v. Commedore,* 239 Or 82, 85-86, 396 P2d 216 (1964) (overruling *In re Enright,* 160 Or 313, 85 P2d 359 (1938)), we hold that, if the principal is punishable by imprisonment in the penitentiary, the crime is deemed a felony for purposes of determining whether there may be accessories.[9]

■ We conclude that it was the intention of the legislature to measure the responsibility of an accessory under ORS 161.030 by the nature of the crime committed by the principal as distinguished from the punishment imposed upon the particular principal. We believe this to be consistent with the statute, which in its opening sentence states:

"A felony is a crime which is punishable by imprisonment in the penitentiary of this state. * * *" ORS 161.030(2).

Because the statute allows a judge by way of leniency to impose a fine or county jail sentence on the particular principal does not diminish the legislative purpose in declaring it to be a crime "after the commission of any felony" to "conceal or aid the offender." ORS 161.230.

A contrary construction of these statutes would lead both to unreasonable results and to possible equal protection problems under U.S. Const. amend XIV,

---

[9] We note that our construction is consistent with the new Oregon Criminal Code, which provides that the offense of "Hindering prosecution" is committed if, with the intent to hinder the apprehension, prosecution, conviction or punishment of a principal who has committed a crime *punishable as a felony,* a person engages in specified conduct. Oregon Laws 1971, ch 743, § 207.

§ 1, and Oregon Constitution, Art I, § 20. We reject such a construction. *State v. Gulbrandson,* 2 Or App 511, 513, 470 P2d 160 (1970) ; *Pacific P. & L. v. Tax Com.,* 249 Or 103, 110, 437 P2d 473 (1968); *City of Portland v. Welch,* 229 Or 308, 316, 364 P2d 1009, 367 P2d 403 (1961); *State v. Jackson,* 224 Or 337, 345, 356 P2d 495 (1960); *O'Donnell v. Scott,* 176 Or 500, 503, 159 P2d 198 (1945).

We similarly reject defendant's contention that there was insufficient evidence to support his conviction, for the record, taken as a whole and viewed in the light most favorable to the state, contains sufficient evidence to support a verdict against the defendant.

Affirmed.