TANZER, J.
The state appeals from a pretrial order excluding evidence of defendant’s prior conviction in a criminal case. Defendant was charged with being an exconvict in possession of a firearm, ORS 166.270,[1] of which a material element is a previous conviction of an offense which was a felony "at the time of * * * conviction.” At a pretrial hearing, the trial court held that defendant’s 1970 conviction for taking and using a motor vehicle without permission of the owner, in violation of former ORS 164.670, was a felony at the time of conviction, but had become a misdemeanor by virtue of defendant’s successful completion of probation. The issue on appeal is whether the 1970 offense is a felony for purposes of the charge of exconvict in possession of a firearm. Because the definition of exconvict in ORS 166.270(2) refers to the status of the offense as a felony or misdemeanor at the time of conviction, we look to the law then in effect.
*[56] The sentencing court in 1970 suspended imposition of sentence and placed defendant on probation for five years. Probation accompanied by suspension of imposition of sentence is a conviction for purposes of ORS 166.270, State v. Cartwright, 246 Or 120, 140-46, 418 P2d 822 (1966) cert den 386 US 937 (1967).
In 1970, a crime was a felony unless: (1) the statute defining it authorized optional misdemeanor sentencing, and (2) the court actually imposed a misdemeanor sentence.[2] Former ORS 161.030, then in effect, provided:
"(1) Crimes are divided into felonies and misdemeanors.
"(2) A felony is a crime which is punishable by imprisonment in the penitentiary of this state. When a crime punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes, after a judgment imposing a punishment other than imprisonment in the penitentiary or in the Oregon State Correctional Institution.
"(3) Every crime not included in subsection (2) of this section is a misdemeanor.”
The taking and using statute under which defendant was convicted authorized misdemeanor sentencing only if it were the first such conviction, a fact about which this record is silent. Former ORS 164.670(1), then in effect, provided:
"Every person who takes or uses without authority any vehicle * * * without intent to steal it, or is a party to such unauthorized taking or using, shall be punished upon conviction by imprisonment in the penitentiary for not more than two years, or by a fine of not more than $500. For the first offense the court may reduce the punishment to imprisonment in the county jail for not more than six months, or a fine of not more than $200.”
*[57] Here, no fine or jail sentence was imposed, so the conviction was not reduced to a misdemeanor under the strict terms of the statute. The suspension of imposition of sentence and granting of probation cannot be regarded as the equivalent of a misdemeanor sentence for two reasons. First, such a sentence is not "punishment” as that term is used in former ORS 161.030(2), State v. Sisney, 250 Or 198, 440 P2d 372 (1968). The second reason has greater substantive weight: had probation been revoked, the court retained the power to impose imprisonment in the penitentiary, a power it would have lost had a misdemeanor sentence been imposed. Therefore the conviction was for a felony at the time of conviction.
Defendant urges, as the court below held, that by virtue of ORS 161.585, his felony conviction was converted to a misdemeanor by his discharge from probation. The statute provides:
"(1) When a crime punishable as a felony is also punishable by imprisonment for a maximum term of one year or by a fine, the crime shall be classed as a misdemeanor if the court imposes a punishment other than imprisonment under subsection (1) of ORS 137.124.
"(2) Notwithstanding the provisions of ORS 161.525, upon conviction of a crime punishable as described in subsection (1) of this section, the crime is a felony for all purposes until one of the following events occurs, after which occurrence the crime is a misdemeanor for all purposes:
* * * *
"(f) The court grants probation to the defendant without imposition of sentence upon conviction and defendant is thereafter discharged without sentence.”
Defendant argues that the statutory language making his offense a misdemeanor "for all purposes” upon his discharge from probation in 1975 without imposition of sentence applies to this purpose as well.[3]
*[58] As we noted, ORS 166.270 defining exconvict in possession of a firearm specifically refers to the status of the offense at the time of the previous conviction. ORS 161.585 was enacted in 1971. Since it was not the law at the time of the 1970 previous conviction, the critical time under ORS 166.270, it is inapplicable. We also note that the legislature added the present definition of a felony to ORS 166.270 in 1975 and made no exception for the provisions of ORS 161.585, which tends to confirm our conclusion that the status of the offense at the time of the conviction is controlling.[4] The evidence was therefore competent to prove conviction of a felony and should not have been excluded.
Reversed and remanded.

ORS 166.270 provides:
"(1) Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearms capable of being concealed upon the person, or machine gun, commits the crime of exconvict in possession of a firearm.
"(2) For the purposes of this section, a person lias been convicted of a felony if, at the time of his conviction for an offense, that offense was a felony under the law of the jurisdiction in which it was committed. Provided, however, that such conviction shall not be deemed a conviction of a felony if:
"(a) At the time of conviction, and pursuant to the law of the jurisdiction in which the offense occurred, the offense was made a misdemeanor by the type or manner of sentence actually imposed; or
"(b) The offense was for possession of marijuana.
"(3) Subsection (1) of this section shall not apply to any person who has been convicted of oxdy one felony under the law of this state or any other state, or who has been convicted of only one felony under the laws of the United States, which felony did not involve the possession or use of a firearm, and who has been discharged from imprisonment, parole or probation for said offense for a period of 15 years prior to the date of alleged violation of subsection (1) of this section.
"(4) Exconvict in possession of a firearm is a Class C felony.”

 Cf., State v. Commedore, 239 Or 82, 396 P2d 216 (1964), in which an unauthorized misdemeanor sentence following a felony conviction was held not to affect the felony nature of the conviction.

 The phrase has not been applied literally. We have held a crime punishable by imprisonment in the penitentiary is a felony for purposes of *[58] determining whether or not there may be accessories to it, despite a statute providing that it was to be treated as a misdemeanor "for all purposes” if the crime is also punishable by imprisonment in the county jail and the latter punishment was actually imposed. State v. Shay, 8 Or App 360, 493 P2d 737 rev den (1972).

We need not and do not decide whether a defendant charged with being an exconvict in possession of a firearm can benefit from the conversion of a felony to a misdemeanor under ORS 161.585 where the previous conviction occurred at a time after that section took effect.