The PEOPLE of the State of
Colorado, Complainant,

v.

Brian K. FAHSELT,
Attorney–Respondent.

No. 90SA447.

Supreme Court of Colorado,
En Banc.

March 18, 1991.

Linda Donnelly, Disciplinary Counsel,
John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Bender & Treece, P.C., Michael L. Bender, Denver, for attorney-respondent.

Justice VOLLACK delivered the
Opinion of the Court.

In this disciplinary proceeding, the disciplinary prosecutor, the attorney for the respondent, and respondent Brian K. Fahselt (the respondent) entered into a stipulation of the facts. Based upon those facts, the hearing board found as a matter of law that the respondent's conduct violated C.R.C.P. 241.6(1) and C.R.C.P. 241.6(5); that his felony conviction is a serious crime as defined by C.R.C.P. 241.16(e); and that his conduct violated DR 1–102(A)(1) and DR 1–102(A)(6). A hearing panel of the Supreme Court Grievance Committee unanimously approved the hearing board's findings and its recommendation that the respondent be publicly censured. Neither the respondent nor the assistant disciplinary counsel has excepted to the findings and recommendation of the hearing panel. We accept the recommendation of the panel to publicly censure the respondent and assess him the costs of these proceedings.

I.

The respondent was admitted to the bar of this court on November 13, 1984, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b).

The assistant disciplinary counsel and the respondent entered into an unconditional stipulation of facts and partial admission of misconduct. The hearing board also heard testimony and received exhibits to determine whether aggravating or mitigating factors existed which would affect its recommendation for the appropriate discipline. The stipulated facts entered as findings by the board are as follows.

Shortly after midnight on June 6, 1987, an automobile driven by the respondent struck a vehicle owned and operated by William A. Russell, III. Noelani Young and Kimberly Blake were passengers in Russell's vehicle and were severely injured in the collision. Russell and the respondent also sustained personal injuries. A blood sample taken at the hospital following the collision revealed that the respondent's blood-alcohol content was 0.122 grams of alcohol per one hundred milliliters of blood. The respondent did not have

automobile insurance at the time of the collision.

The respondent pleaded guilty to failure to maintain compulsory insurance, contrary to section 42-4-1213, 17 C.R.S. (1984), a class 1 traffic offense. On December 15, 1988, the respondent was convicted of the following offenses in Denver district court, all arising out of the June 6, 1987, collision: (1) vehicular assault, a class 5 felony [1]; (2) driving under the influence of intoxicating liquor, a misdemeanor [2]; (3) reckless driving, a class 2 traffic offense [3]; and (4) failure to maintain compulsory insurance.

For the class 5 felony vehicular assault conviction, the district judge imposed a fine of $1,000, plus a surcharge of 37% payable to the Victim's Compensation Fund. The respondent was sentenced to two years of probation for driving under the influence, as well as five days in the county jail. The jail sentence was suspended on condition that the respondent undergo an alcohol evaluation. The respondent was also ordered to perform ninety-six hours of community service in the form of pro bono legal services. For the class 2 traffic offense of reckless driving, the respondent was sentenced to one year of probation, to run consecutively to the two years of probation, and ordered to perform 304 hours of community service in the form of pro bono legal services. The respondent was sentenced to an additional one year of probation, to run consecutively to the other terms of probation, for failing to maintain

compulsory insurance. Finally, the respondent was ordered to pay $2,500 to the Petitioner's Assistance Fund, and to pay the customary and statutorily imposed fines, costs, and expenses.

Russell, Young, and Blake filed claims to recover their financial losses and other damages with Russell's uninsured motorist insurance carrier, The Hanover Insurance Company (Hanover). Russell settled his property damage claim with Hanover, but his claim for personal injury benefits has not been settled. Hanover has paid Young's medical expenses to date, and Young's personal injury claim against Hanover has or will be submitted to arbitration. Blake settled her claim against Hanover for $28,200 in personal injury benefits.

After Hanover filed a subrogation action against the respondent, the respondent and Hanover entered into an Interim Payment Agreement dated September 1, 1989. Under the terms of the agreement, the respondent is to pay Hanover $400 per month pending a final settlement or final judgment in the lawsuit.

II.

In the joint stipulation, the respondent admitted, and the hearing board found, that his conduct violated DR 1-102(A)(6) (engaging in conduct that adversely reflects on a lawyer's fitness to practice law), and C.R.C.P. 241.6(5) (any act or omission which violates the criminal laws of this state, any other state, or of the United

---

1. Section 18-3-205, 8B C.R.S. (1986), provided, in relevant part:

   **18-3-205. Vehicular Assault.** (1)(a) If a person operates or drives a motor vehicle in a reckless manner, and this conduct is the proximate cause of serious bodily injury to another, he commits vehicular assault.

   (b)(I) If a person operates or drives a motor vehicle while under the influence of any drug or intoxicant and this conduct is the proximate cause of a serious bodily injury to another, he commits vehicular assault....

   ....

   (2) In any prosecution for a violation of subsection (1) of this section, the amount of alcohol in the defendant's blood at the time of the commission of the alleged offense, or within a reasonable time thereafter, as shown by chemical analysis of the defendant's blood,

urine, or breath, shall give rise to the following presumptions:

   ....

   (c) If there was at such time 0.10 percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of alcohol.

The hearing board did not specifically find, and the record provided to this court does not disclose, whether the respondent was convicted under paragraph (1)(a) or (1)(b) of the statute.

2. § 42-4-1202, 17 C.R.S. (1984).

3. Subsection 42-4-1203(1), 17 C.R.S. (1984), provides that "[a]ny person who drives any motor vehicle ... in such a manner as to indicate either a wanton or a willful disregard for the safety of persons or property is guilty of reckless driving."

States, constitutes grounds for lawyer discipline). By virtue of the foregoing, the respondent also violated C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline) and DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule).[4]

The hearing panel unanimously approved the recommendation of the hearing board that the respondent receive a public censure. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." *ABA Standards* 5.12. The hearing board found that while the respondent's conduct adversely reflected on his fitness to practice law, it did not *seriously* adversely reflect on that fitness.

The hearing board found that the following factors were present in mitigation: (1) the absence of a prior disciplinary record, *ABA Standards* 9.32(a); (2) the absence of a dishonest or selfish motive, *ABA Standards* 9.32(b); (3) the presence of personal and emotional problems, *ABA Standards* 9.32(c); (4) a timely good faith effort to make restitution or to rectify consequences of the misconduct,[5] *ABA Standards* 9.32(d); (5) full and free disclosure to the grievance committee and a cooperative attitude toward the proceedings, *ABA Standards* 9.32(e); and (6) a good character or reputation, *ABA Standards* 9.32(g). The hearing board did not find the existence of any aggravating factors.

Respondent's failure to observe the law by operating a motor vehicle without insurance while under the influence of alcohol and causing personal injury to innocent parties is serious misconduct. This conduct is a failure to maintain personal integrity and reflects upon the respondent's fitness to practice law.

In determining the appropriate sanctions to be imposed, we have considered the duty violated, the lawyer's mental state, the injury caused by the lawyer's misconduct, and aggravating or mitigating factors. In addition to the mitigating factors found by the hearing board, we note that, aside from the incident in question, the respondent has no prior history of similar misconduct or alcohol problems. The conditions placed on the respondent's probation, coupled with the respondent's act of voluntarily arranging for restitution, sustain the hearing board and panel's recommendation for a public censure.

We therefore accept the recommendation of the grievance committee's hearing panel and publicly censure the respondent Brian K. Fahselt for the misconduct set forth in this opinion. This public censure may be considered by this court in the event that respondent should commit further violations of the Code of Professional Responsibility. Respondent is ordered to pay the costs of these proceedings, in the amount of $978.88, to the Supreme Court Grievance Committee, 600—17th Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202, within sixty days from the announcement of this opinion.

QUINN, J., dissents, and ERICKSON, J., joins in the dissent.

Justice QUINN dissenting:

I dissent from the sanction imposed in this case. The respondent was convicted of the felony of vehicular assault, the misde-

---

**4.** The complaint filed by the assistant disciplinary counsel also charged that the respondent's conduct violated DR 1–102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), C.R.C.P. 241.6(2) (any act or omission violating accepted rules or standards of legal ethics is ground for lawyer discipline), and C.R.C.P. 241.6(3) (any act or omission violating the highest standards of honesty, justice, or morality is ground for lawyer discipline). The hearing board determined that violations of these provisions were not established after review of the stipulation, case law cited by the parties, and final arguments of counsel.

**5.** When questioned about the prospect of filing for voluntary bankruptcy, the respondent told the hearing board that that was not a path he contemplated.

meanor of driving under the influence of intoxicating liquor, the class 1 traffic offense of failing to maintain liability insurance, and the class 2 traffic offense of reckless driving, all of which arose out of his driving a motor vehicle into another motor vehicle occupied by three persons, two of whom were seriously injured. It thus is undisputed that, for purposes of discipline, the respondent engaged in conduct adversely reflecting on his fitness to practice law, DR 1–102(A)(6), by violating the criminal laws of this state. The majority acknowledges that respondent engaged in "serious misconduct," maj. op. at 588, but apparently concludes that his "serious misconduct" does not "seriously adversely reflect" on his fitness to practice law. *Id.* With this conclusion I disagree.

A lawyer is an officer of the court and is obliged to conduct his personal and professional life in a manner that will not bring the legal profession into disrepute. The source of a lawyer's misconduct resulting in discipline need not originate from the practice of law. *See, e.g., People v. Grenemyer,* 745 P.2d 1027 (Colo.1987) (disbarment for attorney convicted of sexual assault on child); *People v. McPhee,* 728 P.2d 1292 (Colo.1986) (three-year suspension for attorney convicted of cultivation of marijuana). A lawyer who recklessly operates an automobile while under the influence of intoxicating liquor and without any liability insurance manifests an extreme disregard of basic legal obligations. When the lawyer's misconduct causes serious bodily injury to others, as here, the misconduct reaches the level of moral culpability that to a serious degree adversely reflects on his fitness to practice law. Suspension from the practice of law is the appropriate sanction under such circumstances. *America Bar Association Standards for Imposing Lawyer Sanctions,* Standard 5.12 (1986); *see In re Carr,* 46 Cal.3d 1089, 252 Cal. Rptr. 24, 761 P.2d 1011 (1988) (where attorney pled no contest to two counts of drunken driving, and circumstances surrounding offenses involved other misconduct not amounting to moral turpitude, two-year suspension from practice of law was appropriate sanction); *Kentucky Bar Associa-*

*tion v. Jones,* 759 S.W.2d 61 (Ky.1988) (attorney's conviction for reckless homicide for death of two people resulting from drunken driving warranted a two-year suspension); *Office of Disciplinary Counsel v. Michaels,* 38 Ohio St.3d 248, 527 N.E.2d 299 (1988) (attorney's conviction for manslaughter by causing death of another while driving automobile while intoxicated, and also for reckless driving, warranted eighteen-month suspension); *In re Morris,* 74 N.M. 679, 397 P.2d 475 (1964) (attorney's conviction for involuntary manslaughter, resulting from driving while under the influence of intoxicating liquor, justified indefinite suspension); *In re Enright,* 160 Or. 313, 85 P.2d 359 (1938) (lawyer twice convicted of driving under the influence of intoxicating liquor disciplined by six-month suspension), (*overruled in part on standard for determining felony or misdemeanor, State v. Commedore,* 239 Or. 82, 396 P.2d 216 (1964)).

In the absence of exceptional mitigating circumstances, I believe a suspension for a period of two to three years would be appropriate in this case. I agree with the majority, however, that there are present several mitigating circumstances, including the absence of a prior disciplinary record, voluntary disclosure to the Grievance Committee of the misconduct, and a timely good faith effort to make restitution in order to rectify the consequences of the misconduct. Given the extent of mitigating circumstances, I believe a suspension for a period of one year would be the appropriate sanction in this case. Anything less, in my view, unduly depreciates the wrongfulness of the respondent's conduct in the eyes of both the public and the legal profession.

I am authorized to say that Justice ERICKSON joins in this dissent.