IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas Edward MARTIN, Attorney at Law.

Supreme Court

*No. 82–1358–D.  Filed June 1, 1983.*
(Also reported in 334 N.W.2d 107.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license to practice law suspended.*

On July 20, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that Thomas Edward Martin, an attorney who was admitted to practice in Wisconsin in 1975 and who last resided and practiced in Milwaukee, was guilty of unprofessional

conduct on the basis of his January 6, 1982, conviction of two counts of contributing to the delinquency of a minor during the month of September, 1981, in violation of sec. 947.15(1)(a), Stats. The complaint alleged that the acts constituting the offense consisted in the following: the respondent picked up a 14-year old boy in Milwaukee, took him to the respondent's home, where he remained for the night, and provided him with beer, took the boy to his home on other occasions, where he spent the night, took him to a hotel in Chicago and escorted him to several bars in the Chicago area, where he bought him alcoholic beverages, and took him to several bars in the Milwaukee area and bought him drinks. The respondent filed an answer to the complaint in which he admitted to his conviction on his plea of no contest, admitted to having taken the youth to his home for the night and having provided him with beer, having taken him to a hotel in Chicago and having accompanied him to several bars, where he bought him drinks, and having met him in a Milwaukee bar, where he bought him drinks.

On September 15, 1982, the Board filed an amended complaint, adding to the original complaint the allegation that at the respondent's residence and at the Chicago hotel, the respondent and the youth engaged in homosexual acts. The amended complaint also added a second cause of action: that on October 13, 1981, the respondent was hospitalized for treatment of a mental infirmity and illness, which he claimed to be causally related to the conduct for which he was convicted. The Board also alleged that upon the respondent's conviction, the presiding judge sentenced him to a six-month term in the House of Correction and stayed the jail sentence and placed him on probation for a period not to exceed 20 months, one of the conditions of which was that the respondent continue counseling and treatment as requested by his probation staff and by his own physicians during the

period of probation. The respondent filed an answer to the amended complaint on October 29, 1982, in which he denied having engaged in homosexual acts with the youth, admitted to having been hospitalized for treatment for severe depression, and alleged that such depression interfered with his ability to practice law and that he did not practice law during his treatment or at any time thereafter. He also asserted that his ability to practice law was no longer affected by depression and that he was not currently under psychiatric care.

The matter was referred to the Hon. Thomas P. Corbett, Reserve Judge, as referee. Following the disciplinary hearing, the referee filed his report with the court on February 7, 1983, in which he made findings consistent with the allegations of the amended complaint, including the allegations of homosexual conduct between the respondent and the youth. The referee found that the youth, in a deposition taken in the disciplinary proceeding, failed to support the allegations of sexual activity between him and the respondent by clear and satisfactory evidence. He noted, however, that the respondent did not stipulate that the sexual acts occurred by virtue of his having entered a no contest plea on the criminal charge, but that a transcript of the trial court proceedings disclosed that, had the matter gone to trial, the state was in a position to produce evidence to support those allegations and that the trial judge considered the allegations of sexual activity as true for purposes of sentencing.

The referee also found that, based on the opinions of a consulting psychologist and the medical director and staff psychiatrist of a psychiatric center, the respondent has recovered from clinical depression and is competent to carry out personal and professional responsibilities in the practice of law. The referee found that the respondent voluntarily resigned his position as special assistant with the U.S. Department of Justice and has not engaged

in the practice of law since October, 1981, and that he enjoys an excellent reputation for competence and character in the legal community in Milwaukee.

The referee concluded that the respondent had engaged in illegal conduct in violation of a criminal statute and that such violation involved moral turpitude and constituted unprofessional conduct, in violation of SCR 20.04 (3). He recommended that the respondent's license to practice law in Wisconsin be suspended for a minimum period of three months to a maximum period "coterminous with the period of 20 months probation" imposed by the circuit court, which was to terminate on October 20, 1983. The referee also recommended that the respondent be required to pay the costs of the disciplinary proceeding prior to resuming practice upon termination of the suspension. Neither the respondent nor the Board appealed from the referee's report and recommendation.

By order of March 8, 1983, we requested that the Board and the respondent file briefs on the question of the appropriateness of the recommended discipline to the unprofessional conduct. In its brief, the Board argues that the recommended discipline is inadequate to accomplish the purposes of attorney discipline. The Board argues that the respondent has shown no regret, remorse, sympathy or compassion for the 14-year-old to whose delinquency he was convicted of having contributed. It suggests that the respondent be required to make formal application for reinstatement of his license, following whatever period of suspension may be imposed, in order that the Board might evaluate his eligibility for reinstatement.

A considerable portion of the respondent's brief argues that the referee's findings and conclusions are not supported by the record in the disciplinary proceeding. By motion filed on April 8, 1983, the Board asked that the

respondent's brief be stricken because it argues the merits of the issues of fact and law decided by the referee from which the respondent did not appeal, it revives constitutional issues raised by the respondent in his pleading in the disciplinary action but not pursued in the proceeding and it goes beyond the scope of the question the court asked the parties to brief. On April 13, 1983, the respondent filed a response to the motion, in which he states his belief that the court's order for briefs anticipated that he argue the factual and legal issues decided by the referee and raise the constitutional issues. Rather than strike the respondent's brief, we consider it only insofar as it addresses the question of the appropriateness of the recommended discipline to the respondent's misconduct. The Board's motion to strike is therefore denied.

The respondent argues that his lack of "moral blameworthiness," that is, his having mistaken the true age of the juvenile, is relevant in determining appropriate discipline. He also argues that the crime of contributing to the delinquency of a minor, to which he pleaded no contest, does not reflect on its face a crime involving "moral turpitude." Neither, he argues, do the facts of his case. It is his position that providing alcoholic beverages to a minor and contributing to the minor's absence from home, while unlawful, are not morally reprehensible, in view of the fact that the juvenile, already away from home during late hours, lied about his age and appeared to be older than he was. Because he had no specific intent to disregard the law, the respondent states that no discipline for professional misconduct is warranted. He further grounds this assertion on his contention that the misconduct here is not substantially related to his practice of the legal profession. On the issue of costs, he states that the Board initially alleged and later dismissed a charge of medical incapacity, and, therefore, he should not be required to pay the full costs of the proceeding. He

further states that the Board acted irresponsibly by making sexual assault allegations which the district attorney had dismissed in exchange for his no contest plea. Thus, he argues that the costs of the proceeding should be equitably apportioned between the parties. At the very least, he argues, the court should place some reasonable ceiling on what he is to pay, since the referee's report does not contain an itemization of costs which he might challenge.

We hereby accept the findings and conclusions of the referee in this matter, but we modify the recommendation for discipline. The referee placed the maximum period of suspension which he recommended as the period of time ending on the date on which it was expected that the respondent's term of probation would terminate. Because that term of probation is subject to change by order of the trial court, we believe that a definite period of suspension is appropriate in this case. On the issue of costs, because one of the two counts in the Board's amended complaint, *i.e.*, that the respondent was suffering from a medical incapacity, was subsequently dismissed on the Board's motion and because we are unable to determine from the record the amount of time spent by Board counsel on the issue of the respondent's medical condition, we find it appropriate to reduce the costs of this proceeding for which the respondent is responsible by one-half of Board counsel's fees.*

IT IS ORDERED that the license of Thomas Edward Martin to practice law in Wisconsin is suspended for a period of six months, commencing the date of this order.

IT IS FURTHER ORDERED that Thomas Edward Martin pay to the Board of Attorneys Professional Responsibility

---

* CALLOW and CECI, JJ., dissent from this portion of the court's order and would assess the full costs of the proceeding against the respondent.

within ninety days of the date of this order the costs of this disciplinary proceeding in the amount of $5,634.25, provided that if the costs are not paid within the time specified, the license of Thomas Edward Martin to practice law in Wisconsin shall be revoked forthwith.