The PEOPLE of the State of Colorado, Complainant,

v.

Joe Gordon McPHEE, Attorney-Respondent.

No. 86SA278.

Supreme Court of Colorado, En Banc.

Dec. 8, 1986.

---

Linda Donnelly, Disciplinary Prosecutor and George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Joe Gordon McPhee, pro se.

VOLLACK, Justice.

In this case, we order that the respondent be suspended from the practice of law for a period of three years, and that he be assessed the costs of the disciplinary proceedings.

The respondent of this disciplinary hearing, Joe Gordon McPhee, was admitted to the bar of this court on October 1, 1971. He was licensed and registered as an attorney in the official records of the court, registration number 2802.

The respondent, by his answer to the complaint in the disciplinary proceedings, and by stipulation and testimony, admitted that on April 5, 1985, he pleaded guilty to the cultivation of marijuana, a class four felony, as charged in *People v. Joe Gordon McPhee*, case number 84CR21, San Miguel County District Court, and also to the unlawful possession of a controlled substance, psilocybin, a class three felony, *People v. J. Gordon McPhee*, case number 85CR02, San Miguel County District Court. The respondent testified that the offenses to which he pleaded guilty related to his lifestyle, and the evidence clearly established that the respondent was not trafficking or dealing in either cannabis or psilocybin.

The respondent testified in mitigation that he was opposed to the national policy of eradication of cannabis. He stated that he was cultivating cannabis indica, a unique afghan strain, in hopes of saving the strain. The board concluded that it appeared the respondent was more interested in cannabis from a horticultural viewpoint than from any other. The respondent's testimony concerning the psilocybin (mushrooms) was that it had been gathered by friends and he was storing it for them to be used on halloween. Again, no evidence was presented to the board that the respondent was trafficking or obtaining profit from his possession of the psilocybin.

The respondent stipulated that his conduct violated C.R.C.P. 241.6(1), (2), (3), (5) [1]; and C.R.C.P. 241.16 (attorney convicted of a crime). He also violated DR1–102(A)(1)

---

1. C.R.C.P. 241.6 states:

  Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

  (1) Any act or omission which violates the provisions of the Code of Professional Responsibility;
  (2) Any act or omission which violates accepted rules or standards of legal ethics;
  (3) Any act or omission which violates the highest standards of honesty, justice, or morality;

and DR1–102(A)(6) of the Code of Professional Responsibility.[2] The record establishes the violation of the foregoing rules and the seriousness of the felony convictions by clear and convincing evidence. The hearing board of the Grievance Committee recommended that the respondent be suspended from practice for a nine month period.

The hearing panel of the Grievance Committee adopted the hearing board's findings of fact and conclusions but rejected the hearing board's recommendation for discipline. The majority of the panel, by a vote of five to three, recommended a suspension of one year and one day. The majority ruled that a lawyer convicted of a felony should not be reinstated without showing that he is rehabilitated and competent and, therefore, fit to practice law, pursuant to C.R.C.P. 241.22(b), 7A C.R.S. (1986 Supp.). When the matter was submitted to this court, we entered an order requiring the respondent to show cause why he should not be subject to more severe discipline. A response was filed in which respondent incorporated his previous arguments.

Although we consider the recommendation of the Grievance Committee and give it great weight, we reserve the right to exercise our own independent judgment in determining the disciplinary sanctions. *People v. Fitzke*, 716 P.2d 1065 (Colo.1986). The ABA Standards for Imposing Lawyer Sanctions provide guidance:

5.11: Disbarment is generally appropriate when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

5.12: Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

ABA Standards for Imposing Lawyer Sanctions, Standards 5.11 and 5.12 (1986).

The Joint Committee on Professional Sanctions comment on Standard 5.12 states in pertinent part:

Lawyers who engage in criminal conduct other than that described in above Standard 5.11 should be suspended in cases where their conduct seriously adversely reflects on their fitness to practice. As in the case of disbarment, a suspension can be imposed even though no criminal charges have been filed against the lawyer.

For the most common cases, involving lawyers who commit felonies other than those listed in Standard 5.11, such as the possession of narcotics, a three year suspension is appropriate. *See In re Rabideau*, 102 Wis.2d 16, 306 N.W.2d 1, *appeal dismissed*, 454 U.S. 1025, 102 S.Ct. 559, 70 L.Ed.2d 469 (1981). Here, the respondent pleaded guilty to one count of cultivation of marijuana, a class four felony, and to one

(5) Any act or omission which violates the criminal laws of this state or any other state, or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that acquittal in a criminal proceeding shall not necessarily bar disciplinary action;

**2.** The relevant portions of the Code of Professional Responsibility read:

**DR1–102 Misconduct.**

  (A) A lawyer shall not:

  (1) Violate a Disciplinary Rule.

  .   .   .   .   .

  (6) Engage in any other conduct that adversely reflects on his fitness to practice law.

count of unlawful possession of a controlled substance, psilocybin, a class three felony. The respondent in the proceedings stipulated to and admitted in testimony to the convictions.

Accordingly, given the severity of the ethical violations committed by the respondent, but considering the absence of previous discipline, the court orders that the respondent be suspended for three years from the date of the announcement of this opinion, and that costs in the amount of $927.81 be assessed against the respondent and paid to the Supreme Court Grievance Committee, 600 17th Street, Suite 500 South, Denver, Colorado 80202, within ninety days from the date of the announcement of this opinion.

DUBOFSKY, J., dissents.

DUBOFSKY, Justice, dissenting:

I respectfully dissent.

The hearing board of the grievance committee recommended that the respondent, Joe Gordon McPhee, be suspended from the practice of law for nine months. A majority of the hearing panel of the grievance committee,[1] reviewing the hearing board's recommendation, voted to recommend a suspension for one year and one day. The majority recommendation was based on the belief that any lawyer suspended from the practice of law for conviction of a felony should be required to show rehabilitation, competence and fitness to practice law, as required by C.R.C.P. 241.-22, prior to reinstatement.[2] C.R.C.P. 241.-22 applies to suspensions greater than one year.

The disciplinary prosecutor's opening brief urges this court to impose a period of suspension through June 1, 1988. That date was chosen because it coincides with the end of the probationary period to which the defendant was sentenced as a result of his guilty pleas. Nevertheless, the majority concludes that the respondent's conduct warrants a suspension for three years, a period of time almost double that requested by the disciplinary prosecutor and three times the length of that recommended by a majority of the hearing panel.

I believe that deference to the judgment and discretion of the grievance committee and the disciplinary prosecutor requires us to impose a suspension no greater than that sought by the prosecutor, see People v. Brown, 726 P.2d 638, 641 (Colo.1986) (Dubofsky, J., dissenting), and in most cases we should follow the recommendation of the hearing panel. I agree with the disciplinary prosecutor's recommendation of a suspension until June 1, 1988, because the respondent has been convicted of two felonies and the period of probation to

---

1. Five members of the hearing panel approved a suspension for one year and one day; three members of the panel adopted the hearing board's recommendation of a nine month suspension; one member of the panel favored a three year suspension.

2. After the respondent pled guilty to two felony counts, this court suspended him on July 22, 1985, under C.R.C.P. 241.16(d) for an indefinite period of time while disciplinary proceedings were pending against him. Subsequently, the respondent approached the disciplinary prosecutor seeking transfer to disability inactive status. The disciplinary prosecutor filed a petition for transfer to disability inactive status, based on psychiatric and psychological evaluation of the respondent by two psychiatrists and a clinical psychologist, and this court transferred the respondent to disability inactive status on April 29, 1986. At the same time, this court ordered that the disciplinary proceedings against the respondent go forward.

Because of the respondent's disability inactive status, he must seek reinstatement under C.R.C.P. 241.23 regardless of the length of suspension imposed in the disciplinary proceeding. The majority recommended that the record of the disciplinary proceeding be reviewed in a C.R.C.P. 241.23 reinstatement proceeding. The dissenting members of the panel maintained that the majority's recommendation increasing the penalty to suspension for a year and a day was not because of the conduct involved but rather because of the majority's concern about the respondent's mental disability and present unfitness to practice law. The dissent argued that reinstatement procedures under C.R.C.P. 241.22 and 241.23 are separate, with different standards, and should not be mixed together.

which he was sentenced will have expired by June 1, 1988. The respondent has been suspended since July 22, 1985, and the net effect of following the disciplinary prosecutor's recommendation will be a disciplinary suspension of nearly three years. Therefore, I dissent from the three year suspension ordered by the majority, a suspension that would continue until December, 1989.