The PEOPLE of the State of
Colorado, Complainant,

v.

Dennis Reed GRENEMYER,
Attorney-Respondent.

No. 87SA184.

Supreme Court of Colorado,
En Banc.

Nov. 30, 1987.

Linda S. Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Eldridge, Lindstrom, Wilcox & Ogden, M. Anne Wilcox, Denver, for attorney-respondent.

VOLLACK, Justice.

In this disciplinary proceeding, a hearing panel of the Supreme Court Grievance Committee recommended that the respondent-attorney, Dennis Reed Grenemyer, (hereinafter Grenemyer or the respondent), be suspended for a period of three years from the date of his original suspension of January 3, 1986, and that he be assessed the costs of these proceedings. One member of the panel dissented, recommending a stronger discipline. After receiving the hearing panel's recommendation, this court issued an Order to Show Cause commanding the respondent to show cause why he should not be disbarred.

The panel's recommendations were based on Grenemyer's criminal convictions of two counts of sexual assault on a child (a class four felony).[1] His conduct violated Rule 241.6(1–3) and (5),[2] and Rule 241.16(d) and (e)(1)[3] of the Colorado Rules of Civil Proce-

1. **18–3–405. Sexual Assault on a child.**

(1) Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim. 8B C.R.S. (1986).

2. **Rule 241.6. Grounds for Discipline.**

Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

(1) Any act or omission which violates the provisions of the Code of Professional Responsibility;

(2) Any act or omission which violates accepted rules or standards of legal ethics;

(3) Any act or omission which violates the highest standards of honesty, justice, or morality;

. . .

(5) Any act or omission which violates the criminal laws of this state or any other state, or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that acquittal in a criminal proceeding shall not necessarily bar disciplinary action; . . . 7A C.R.S. (1986 Supp.).

3. **Rule 241.16. Attorney Convicted of a Crime.**

. . .

(d) **Conviction of a Serious Crime—Immediate Suspension.** The Committee Counsel shall report to the Supreme Court the name of any lawyer who has been convicted of a serious crime, as hereinafter defined. The Su-

dure. The respondent also violated DR1–102(A)(1), which provides that a lawyer shall not violate a disciplinary rule.

We disagree with the hearing panel's recommendation of a three-year suspension, and we direct that the respondent be disbarred and ordered to pay the costs of these proceedings.

## I.

Grenemyer was admitted to the bar of the Supreme Court of the State of Colorado in 1976, and he has conceded the jurisdiction of the Supreme Court and its Grievance Committee. He has stipulated and admitted that on November 14, 1985, a Clear Creek County jury convicted him of two counts of sexual assault on a child. The information filed against Grenemyer charged that the victim was less than fifteen years of age at the time these crimes were committed.

The respondent was originally charged by information with eight counts of sexual crimes against children. The respondent was convicted of two counts and found not guilty on three counts. A directed verdict of acquittal was entered as to one count, and the remaining two counts were dismissed subsequent to the jury's verdict. The respondent was sentenced to four years imprisonment and is presently free on bond, pending appeal of the convictions.

Grenemyer voluntarily terminated his legal practice in June of 1984, after the criminal charges were filed against him. He was convicted of the criminal charges in November 1985. As a result, on January 3, 1986, the Colorado Supreme Court suspended the respondent until further order.

The respondent has stipulated that the crimes of which he was convicted are serious crimes. He has also stipulated to violations of Rule 241.6(1–3) and (5), Rule 241.-16, and DR1–102(A)(1). At the hearing be-

fore the Grievance Committee Hearing Board, the respondent asserted that the standard of conduct set forth in Standard 5.12 of the ABA Standards for Imposing Lawyer Sanctions (hereinafter ABA Standards) should not be applied to him. Specifically, Grenemyer claims that he did not "knowingly" engage in criminal conduct because the victim supposedly lied about his age.

In mitigation, the respondent testified that he has modified his behavior with limited therapy. In the respondent's Answer to the Show Cause Order, he stated again that he "questions the vulnerability of the victim" and maintains that the victim lied to him about his age. On this basis, the respondent asks us to conclude that he did not "knowingly" engage in criminal conduct. The hearing panel found that Grenemyer characterized himself as the actual "victim" in these matters; he complained that his personal trust was betrayed by the victim. The hearing board made a finding that the respondent showed a "limited appreciation, if any, of the impact of his actions on the juvenile victim." The hearing board also concluded that the therapy experience testified to by Grenemyer was "extremely limited and was of small benefit to his understanding of his misconduct and the prevention of its recurrence."

The respondent's argument that he did not knowingly engage in criminal conduct is without merit. The "knowingly involved in criminal conduct" element of ABA Standard 5.11 or 5.12, as relative to sexual crimes against children, is not different from the "knowingly" element of section 18–3–405(1), 8B C.R.S. (1986), of which the respondent was convicted. Section 18–3–406(2), 8B C.R.S. (1986), provides that it is not a defense to a criminal charge that the defendant did not know a child's age, or that he had reason to believe the child to be

preme Court shall thereupon issue a citation directing the convicted lawyer to show cause why his license to practice law should not be immediately suspended pursuant to C.R.C.P. 241.8. Upon full consideration of the matter, the Supreme Court may either impose immediate suspension for a definite or indefinite period or may discharge the rule to show cause. The fact that a convicted lawyer is seeking appellate review of his conviction shall not limit the power of the court to impose immediate suspension.

(e) **Serious Crime Defined.** The term serious crime as used in these Rules shall include:

(1) Any felony; ...

7A C.R.S. (1986 Supp.).

fifteen years of age or older, if the criminality of the conduct depends upon the child being below the age of fifteen.[4]

The disciplinary prosecutor and respondent's counsel, in response to the Order to Show Cause why the respondent should not be disbarred, recommended reliance on ABA Standard 5.12 and our previous holding in *People v. McPhee*, 728 P.2d 1292 (Colo.1986).

## II.

■ C.R.C.P. 241.15, 7A C.R.S. (1986), provides that the hearing panel shall refer disciplinary matters to the Supreme Court, along with the panel's recommendation of the appropriate form of discipline. After reviewing the hearing board's findings, the hearing panel shall refer the matter to this court and recommend an appropriate form of discipline. The Grievance Committee's disciplinary recommendation is advisory only, and not binding on this court. *People v. Gibbons*, 685 P.2d 168, 172 (Colo.1984). Our role is to make an independent decision regarding the appropriate form of discipline, suited to the facts and circumstances of the particular case. *People v. Morley*, 725 P.2d 510 (Colo.1986).

The ABA Standards provide a framework to guide a court in imposing sanctions. However, the standards "are not designed to propose a specific sanction for each of the myriad of fact patterns in cases of lawyer misconduct.... The ultimate sanction imposed will depend on the presence of any aggravating or mitigating factors in that particular situation." ABA Standards, Part II, p. 6 (1986). Analysis of the particular facts of a case calls for a review of the aggravating and mitigating factors.

ABA Standard 5.11 states:
Disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false

swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or
(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA Standard 5.12 provides:
Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

■ As officers of the court, lawyers are charged with obedience to the laws of the state, and intentional violation by them of these laws subjects them to the severest discipline. *People v. Wilson*, 176 Colo. 389, 391, 490 P.2d 954, 955 (1971). The purpose of a disciplinary proceeding is to protect not only the legal community, but also the public, from unscrupulous lawyers. *People v. Morley*, 725 P.2d 510 (Colo.1986).

## III.

■ Looking to the facts and circumstances of this case, we first note that the respondent became involved with a juvenile under the age of fifteen years and was subsequently convicted of two counts of sexual assault on a child, in violation of section 18–3–405(1), 8B C.R.S. (1986). Other states have disbarred attorneys for similar conduct. In *In re Phillips*, 452 A.2d 345 (D.C.App.1982), the District of Columbia Court of Appeals adopted the Board of Professional Responsibility's recommendation to disbar the attorney-respondent after he pled guilty to charges of rape and sodomy. An attorney-respondent was disbarred by the Minnesota Supreme Court for sexually abusing the children of his client. *In re Kamin*, 262 N.W.2d 162

---

4. **18–3–406. Criminality of conduct.**
. . .
(2) If the criminality of conduct depends upon a child being below the age of fifteen, it shall be no defense that the defendant did not

know the child's age or that he reasonably believed the child to be fifteen years of age or older.
8B C.R.S. (1986).

(Minn.1978). *Compare In re Martin,* 112 Wis.2d 661, 334 N.W.2d 107 (1983) (where attorney engaged in homosexual acts with a minor, six-month suspension held to be appropriate).

Grenemyer argues that our holding in *People v. McPhee,* 728 P.2d 1292 (Colo. 1986), mandates a maximum disciplinary action of no more than a three-year suspension. In *McPhee,* a three-year suspension was imposed on the attorney-respondent after he pled guilty to unlawful possession of a controlled substance (psilocybin), and cultivation of marijuana. The facts of *McPhee* are markedly different from the facts here. McPhee was suspended for a "victimless" crime, and we expressly noted that there was no evidence that McPhee was trafficking or dealing in either marijuana or psilocybin. Here, a jury convicted the respondent of two counts of sexual assault on a child. Grenemyer's actions not only reflect on the legal profession as a whole; they also represent a crime in which the impact on the underage victim cannot be overlooked. Given the presence of a juvenile victim in this case, in contrast to the "victimless" nature of the conduct in *McPhee,* we reject the respondent's argu-

ment that we are bound by our decision in *McPhee.*[5]

Certain aggravating and mitigating factors are relevant here.[6] In mitigation, we recognize that the respondent does not have a prior disciplinary record. As aggravating factors, we note the respondent's refusal to acknowledge the nature of his conduct or the vulnerability of, or the effect upon, the victim. We also note that the respondent testified at the hearing that he was also charged with sexual assault on a child in Denver County, based on allegations made by the same juvenile. According to his testimony he was acquitted of the charges in Denver.

We agree with the Washington Supreme Court's statement that "[w]e cannot ask the public to voluntarily comply with the legal system if we, as lawyers, reject its fairness and application to ourselves." *In re Stroh,* 97 Wash.2d 289, 297, 644 P.2d 1161, 1165 (1982), *quoted in In re Grimes,* 414 Mich. 483, 326 N.W.2d 380 (1982). The respondent before us was convicted of a serious crime, and his actions were in total disregard of the fundamental elements of moral standards that the public has a right to expect of a lawyer. Based upon "the

---

**5.** The respondent's attorney also argues that we should apply *In re Rabideau,* 102 Wis.2d 16, 306 N.W.2d 1, *appeal dismissed,* 454 U.S. 1025, 102 S.Ct. 559, 70 L.Ed.2d 469 (1981). *Rabideau* is mentioned in the *McPhee* opinion, and in the Commentary to the ABA Standards. The attorney-respondent in *Rabideau* received a three-year suspension after pleading guilty to possession of a controlled substance (marijuana) and contributing to the delinquency of a minor (providing marijuana to a sixteen-year-old). In *Rabideau,* there was no conviction of a sexual assault; the attorney's conduct primarily related to his possession and use of marijuana. On that basis, we consider *Rabideau* to be closer to the facts of *McPhee* than to the case at bar.

**6.** The ABA Standards describe aggravating and mitigating factors as follows:

9.22 *Factors which may be considered in aggravation.* Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of victim;
(i) substantial experience in the practice of law;
(j) indifference to making restitution.
9.32 *Factors which may be considered in mitigation.* Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical or mental disability or impairment;
(i) delay in disciplinary proceedings;
(j) interim rehabilitation;
(k) imposition of other penalties or sanctions;
(*l*) remorse;
(m) remoteness of prior offenses.

great weight of authority elsewhere, it is clear that an attorney may be disbarred for conduct indicative of moral unfitness, whether such conduct be relative to the profession or otherwise." *In re Heinze*, 233 Minn. 391, 394, 47 N.W.2d 123, 125 (1951) (attorney-respondent disbarred for improper sexual activities with young boys, even though he was acquitted of the criminal charges). We conclude that a sanction less than disbarment "would unduly depreciate the seriousness of the respondent's misconduct in the eyes of both the public and the legal profession." *Morley*, 725 P.2d at 519. Accordingly, we decline to accept the hearing panel's recommendations.

We order the respondent disbarred. His name is to be stricken from the roles of attorneys licensed to practice law in this state, and he is further ordered to pay the costs of these proceedings in the amount of $167.04 by tendering this sum to the Supreme Court Grievance Committee within 30 days of this date.