IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Daniel W. BRUCKNER, Attorney at
Law.

Supreme Court

*No. 90-0452-D. Filed April 17, 1991.*

(Also reported in 467 N.W.2d 780.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Daniel W. Bruckner to practice law in Wisconsin be suspended for a period of five months as discipline for conduct which resulted in his 1988 conviction in circuit court on seven counts of importing child pornography into Wisconsin and for having in his possession photographs and photographic negatives of nude adults and minors, taken without their knowledge or permission, and for trading with other persons a small number of the photographs of minors.

We determine that the recommended five-month license suspension is appropriate discipline to be imposed for Attorney Bruckner's misconduct. While the importation of child pornography is a serious offense, classified under Wisconsin law as a Class C felony, Attorney Bruckner's having done so was for exclusively personal purposes; there was no allegation that he profited from, reproduced, sold or distributed it—each of which activity is also a Class C felony. Further, regarding the photographs, he traded only a small number of them on four occasions and there was no evidence of a profit motive in his doing so.

A five-month license suspension of Attorney Bruckner's license is sufficient to accomplish the purposes of attorney discipline—protection of the public, rehabilitation of the attorney and deterrence of other attorneys from engaging in like misconduct. Attorney discipline for misconduct is not intended as punishment for wrongdoing. SCR 21.03(5).[1] In that regard, we note that, following his conviction, Attorney Bruckner was sentenced on each of the seven counts to pay a fine of $5,000 or serve one year in jail and that he paid the $35,000 fine. Insofar as discipline is intended to rehabilitate and deter, we note that Attorney Bruckner's conduct occurred more than seven years ago and he has not been

---

[1]SCR 21.03 provides:

**General principles.**

. . .

(5)  Discipline for misconduct is not intended as punishment for wrongdoing but is for the protection of the public, the courts and the legal profession. The fact that certain misconduct has remained unchallenged if done by other persons or when done at other times or the fact that the misconduct has not been made the subject of disciplinary proceedings earlier is not an excuse for additional misconduct by an attorney.

involved with disciplinary authorities or the criminal justice system for conduct occurring thereafter.

Attorney Bruckner was admitted to the practice of law in Wisconsin in 1972 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney Charles J. Herro.

The facts are not in dispute. In July, 1983, the United States Customs Service seized a magazine of child pornography that had been mailed to Attorney Bruckner and notified him that the material was considered obscene and subject to seizure under federal law. Between February and August of 1984, the Customs Service seized various child pornography magazines mailed from Denmark to Attorney Bruckner containing photographs of children engaged in sexually explicit activity. Again Attorney Bruckner was notified that the material was obscene and subject to forfeiture and he consented to an administrative forfeiture.

On March 28, 1985, federal agents executed a search warrant on Attorney Bruckner's residence and seized child pornography magazines, together with photographs and photographic negatives of nude persons—adults and minors. Attorney Bruckner had purchased the photographs and negatives between 1981 and 1983, knowing that they had been taken surreptitiously and without the knowledge or permission of the persons photographed. On four occasions in 1983, Attorney Bruckner contacted other persons for the purpose of trading the photographs of the minors and in fact traded a small number of them.

In February, 1987, Attorney Bruckner was charged in Milwaukee county circuit court with seven counts of importing child pornography, a Class C felony. Follow-

ing a trial, Attorney Bruckner was found guilty on all seven counts.

The referee concluded that the conduct underlying Attorney Bruckner's conviction constitutes illegal conduct involving moral turpitude, in violation of SCR 20.04(3)[2] and 21.05(1).[3] The referee further concluded that Attorney Bruckner's conduct in trading photographs of nude minors which had been taken without their knowledge or permission was an invasion of their privacy and constituted offensive personality, in violation of the Attorney's Oath, SCR 40.15.[4] As discipline

[2]SCR 20.04 provides: "**Misconduct.** A lawyer shall not: . . . (3) Engage in illegal conduct involving moral turpitude."

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:8.4(b).

[3]SCR 21.05 provides: "**Grounds for discipline.** An attorney is subject to discipline for misconduct. Misconduct is conduct that violates: (1) A criminal statute if the violation involves moral turpitude."

[4]SCR 40.15 provides:

> **Attorney's oath.** The oath or affirmation to be taken to qualify for admission to the practice of law shall be in substantially the following form:
>
> I will support the constitution of the United States and the constitution of the state of Wisconsin;
>
> I will maintain the respect due to courts of justice and judicial officers;
>
> I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust, or any defense except such as I believe to be honestly debatable under the law of the land;
>
> I will employ, for the purpose of maintaining the causes confided to me, such means only as are consistent with truth and honor, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law;
>
> I will maintain the confidence and preserve inviolate the secrets of my client and will accept no compensation in connection with my client's business except from my client or with my client's knowledge and approval;
>
> I will abstain from all offensive personality and advance no fact

for his misconduct, the referee recommended that Attorney Bruckner's license to practice law be suspended for a period of five months.

The referee's disciplinary recommendation is consistent with discipline imposed in prior cases involving an attorney's violation of the criminal law. In *Disciplinary Proceedings Against Mussallem,* 159 Wis. 2d 576, 464 N.W.2d 674 (1991), the court suspended for three-months the license of an attorney who forged prescriptions for controlled substances, for which he was convicted on one count of possession of a controlled substance by misrepresentation—a Class E felony under federal law. Attorney Bruckner's conduct is more egregious in that he imported pornographic materials after having been notified by federal authorities that it was obscene, contrary to federal law and subject to seizure. However, because of the private nature of his conduct with respect to the pornographic material and his limited trading of the photographs, his conduct is less serious than that addressed in *In re Martin,* 112 Wis. 2d 661, 334 N.W.2d 107 (1983). In *Martin,* the attorney had been convicted of two counts of contributing to the delinquency of a minor for having provided a 14-year-old boy with beer, taken him to hotels and several bars, where he bought him drinks, and taken him to his home, where they spent the night and had sexual contact. The court suspended Attorney Martin's license for six months as discipline for that misconduct.

prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which I am charged;

I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed, or delay any person's cause for lucre or malice. So help me God.

We adopt the referee's findings of fact and conclusions of law and impose as discipline the license suspension he recommended.

IT IS ORDERED that the license of Daniel W. Bruckner to practice law in Wisconsin is suspended for a period of five months, commencing May 20, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order Daniel W. Bruckner pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Daniel W. Bruckner to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Daniel W. Bruckner comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

LOUIS J. CECI, J. (dissenting). I dissent from the majority's insignificant five-month suspension of Mr. Bruckner's license to practice law in Wisconsin. His conduct in continuing to import child pornography which depicted children engaged in sexually explicit activities, material that he knew was obscene and subject to seizure and forfeiture, was reprehensible and certainly involved moral turpitude. He further engaged in the trading of photographs of nude minors.

Having been found criminally guilty of seven felony counts of importing child pornography, following appeal Mr. Bruckner paid a fine of $35,000 ($5,000 on each of seven counts). I am deeply concerned that the penalty the majority imposes in this case denigrates the seriousness of these crimes against children.

I dissent from the slap-on-the-wrist suspension in this case. As a clear signal that we are concerned with the protection of children, I would revoke this person's license to practice law in Wisconsin.