The PEOPLE of the State of Colorado, Complainant,

v.

James Charles DAMKAR, Attorney–Respondent.

No. 95SA367.

Supreme Court of Colorado, En Banc.

Jan. 8, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

James Charles Damkar, Pueblo, Pro Se.

PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation,

agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel, C.R.C.P. 241.18, which recommended that the respondent be disbarred. We accept the conditional admission and the recommendation.

## I

The respondent was admitted to the Colorado bar in 1973. He was immediately suspended from the practice of law on January 23, 1995, pursuant to C.R.C.P. 241.8, because of the charges that this disciplinary proceeding is based on. The conditional admission states that in or about August 1994, the respondent paid a seventeen-year-old boy to engage in sexual activities with him on several occasions. The respondent paid the boy $75 to allow him to videotape one of the encounters. The victim had a history of sexual abuse and was a resident of a local boys' ranch for treatment involving his "sexually acting out."

As a result of these activities, the respondent was charged by information with criminal attempt to commit sexual exploitation of a child, a class 4 felony. On June 6, 1995, the respondent pleaded guilty to the class 4 felony, and was sentenced to five years probation, required to complete sex offender treatment, and pay court costs of $3,480.

The respondent admitted that the foregoing violated C.R.C.P. 241.6 and 241.16. *See* C.R.C.P. 241.6(5) (any act or omission which violates the criminal laws of this state or any other state, or of the United States is grounds for lawyer discipline); C.R.C.P. 241.16(e)(1) (any felony is a serious crime for lawyer discipline purposes).

In addition, the respondent stipulated that in a separate matter, he failed to promptly comply with his clients' requests for information, did not surrender the clients' papers and property in a timely manner when he discontinued representing them, and did not respond to reasonable requests from the investigative counsel of the Office of Disciplinary Counsel. This conduct violated R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests

for information); R.P.C. 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and property to which the client is entitled).

## II

The respondent and the assistant disciplinary counsel concur that disbarment is appropriate in this case. The inquiry panel agreed, and so do we. As this court said in *People v. Gritchen,* 908 P.2d 70 (Colo.1995):

> If respondent actually had engaged in a sex act with a child, disbarment would be the presumed sanction. The lawyer in *People v. Schwartz,* 890 P.2d 82 (Colo. 1995), was disbarred following his convictions for three counts of sexual assault on a child and three counts of aggravated incest. In addition, the lawyer in *People v. Grenemyer,* 745 P.2d 1027 (Colo.1987), was disbarred after being convicted of two counts of sexual assault on a child under the age of fifteen. *See also People v. Dawson,* 894 P.2d 756 (Colo.1995) (lawyer disbarred after being convicted of attempted sexual assault of seventeen-year-old filing clerk and admitting sexual relationship with client).

The respondent has been previously disciplined by a letter of admonition and a private censure for analogous, but not as serious, misconduct. *See* ABA *Standards for Imposing Lawyer Sanctions* 9.22(a) (1991 & Supp. 1992) (prior disciplinary offenses are aggravating factors for lawyer discipline purposes). The parties have not indicated that any mitigating factors are present. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III

It is hereby ordered that James Charles Damkar be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. It is further ordered that Damkar pay the costs of this proceeding in the amount of $56.86 within thirty days of the

date of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920-S, Dominion Plaza, Denver, Colorado 80202.