The PEOPLE of the State of
Colorado, Complainant,

v.

Richard Curtiss ESPE, Attorney–
Respondent.

No. 98SA256.

Supreme Court of Colorado,
En Banc.

Oct. 26, 1998.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance by or on Behalf of Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline case, Richard Curtiss Espe, defaulted before the supreme court grievance committee and has not appeared before this court. A hearing panel of the grievance committee approved the findings and recommendation of a hearing board that Espe be disbarred. We accept the panel's and board's recommendations and order Espe disbarred.

I.

Richard Curtiss Espe was admitted to practice law in Colorado in 1973. On March 26, 1998, we immediately suspended him from the practice of law pending resolution of these proceedings. Since he did not answer the formal complaint filed in this case, the hearing board entered a default against him. The allegations of fact contained in the complaint were therefore deemed admitted. See C.R.C.P. 241.13(b); *People v. Paulson,* 930 P.2d 582, 582 (Colo.1997). Based on the default and the evidence presented, the hearing board found the following facts to be established by clear and convincing evidence.

On February 12, 1997, Espe pleaded guilty to one count of sexual assault on a child, a class 4 felony. *See* § 18–3–405(1), 6 C.R.S. (1998). The victim of the sexual assault was twelve years old at the time of the assault in 1992. The Arapahoe County District Court entered a judgment of conviction and sentenced Espe to ninety days in jail and sixteen years probation with restitution and other conditions. Espe has served the jail term.

The board found that Espe violated C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States). They also determined, following the complaint, that he had violated Colo. RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) and 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law). Since the sexual assault underlying this discipline proceeding occurred in 1992, prior to the effective date of the Rules of Professional Conduct, January 1, 1993, Espe actually violated DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude) and DR 1–102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law). However the difference is technical, not substantive, and does not affect the appropriate discipline.

II.

The hearing panel approved the board's recommendation that Espe be disbarred. The complainant has not excepted to the

recommendation and Espe has not appeared in this court. As we stated in *People v. Gritchen*, 908 P.2d 70, 72 (Colo.1995):

> If respondent actually had engaged in a sex act with a child, disbarment would be the presumed sanction. The lawyer in *People v. Schwartz*, 890 P.2d 82 (Colo. 1995), was disbarred following his convictions for three counts of sexual assault on a child and three counts of aggravated incest. In addition, the lawyer in *People v. Grenemyer*, 745 P.2d 1027 (Colo.1987), was disbarred after being convicted of two counts of sexual assault on a child under the age of fifteen. *See also People v. Dawson*, 894 P.2d 756 (Colo.1995) (lawyer disbarred after being convicted of attempted sexual assault of seventeen-year-old filing clerk and admitting sexual relationship with client).

We followed this reasoning in *People v. Damkar*, 908 P.2d 1113 (Colo.1996), and disbarred Damkar following his conviction for criminal attempt to commit sexual exploitation of a child, also a class 4 felony. *See id.* at 1114.

The only mitigating factors found by the board – the absence of a previous record of discipline, *see* ABA *Standards for Imposing Lawyer Sanctions* 9.32(a) (1991 & Supp. 1992), and Espe's cooperation during the investigative phase of this case, *see id.* at 9.32(e)—are insufficient to warrant a sanction less than disbarment. We therefore accept the recommendations of the hearing board and hearing panel.

### III.

Richard Curtiss Espe is hereby disbarred, effective upon the release of this opinion. Espe is also ordered to pay the costs of this proceeding in the amount of $141.91 within thirty days of the date of the opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435.