No. 25206.

THE PEOPLE OF THE STATE OF COLORADO *v.* JOSEPH C. JAMES,
ALSO KNOWN AS J. COLIN JAMES.
(490 P.2d 291)

Decided November 8, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, L. JAMES ARTHUR, Assistant, for The People of the State of Colorado.

J. COLIN JAMES, pro se.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

IN a formal complaint filed by the Attorney General with our Grievance Committee, the respondent attorney was charged with behavior contrary to the highest standards of professional conduct. After a formal hear-

ing before the Hearings Committee of the Grievance Committee, the Grievance Committee made findings and conclusions, and recommended that the respondent's license to practice law be suspended for a period of one year. The respondent did not file any exceptions. We adopt the recommendation of the Committee.

 In the fall of 1959, the respondent represented Mr. Wayne Schlotterback in connection with the latter's purchase of a parcel of real estate. The transaction was closed in the respondent's office, and Mr. Schlotterback paid the balance of the purchase price. Following the closing, the deed conveying the property to Mr. Schlotterback was delivered to the respondent, who agreed to place it of record and later to deliver it and the abstract of title to Mr. Schlotterback. In 1966, Mr. Schlotterback received a tax statement which showed that the owner of record was the person from whom he had purchased the property. Mr. Schlotterback contacted the respondent, who apologized for not having recorded the deed and said that he would take care of the matter promptly. In 1967, Mr. Schlotterback received a similar tax statement, and called the respondent concerning the matter. Upon receipt of a tax statement in 1968, Mr. Schlotterback inquired of the respondent if he had lost the deed and abstract. Respondent replied that he had not, that it was just a matter of getting around to it, and that Mr. Schlotterback should not worry. During 1968, on several occasions, Mr. Schlotterback left word for the respondent to call him. On one ocasion he called respondent at his home and was told not to call there any more.

The same sequence of events transpired in 1969 and 1970. In January 1971, Mr. Schlotterback arranged for several appointments with respondent, which respondent either cancelled or failed to keep.

The respondent testified to the following effect: He received a registered letter from Mr. Schlotterback in January 1971 and, for the first time, took out Mr. Schlotterback's file and learned that all papers relating to the

real estate transaction, including the original deed and the abstract of title, were missing. He has been unable to locate any of the documents. It was his responsibility to record the deed and return it, and also to return the abstract to Mr. Schlotterback. This he failed to do. The recording was to be made in the office of the Clerk and Recorder of the City and County of Denver.

The record reflects that the respondent has gone to the City and County Building — where the recorder's office is located — on routine business every week or ten days throughout the year.

The respondent did not disagree with nor dispute any of the material facts in the matter. The only excuses that he gave were that he had retained the Schlotterback file at his home instead of his office, and that his failure to record the deed and return the abstract was caused by the press of other business. This, of course, does not change the conclusion of the Grievance Committee, nor of this court, that the failure for more than five years to record the deed and to return it and the abstract constituted gross professional negligence and carelessness.

At two separate times in 1969 we were obliged to privately censure the respondent for unprofessional conduct. On each of these occasions he was advised that the private censure might be considered should there be further acts of misconduct by him.

Proper disciplinary action for the respondent should be suspension for a period of one year. Accordingly, effective on the date of announcement of this opinion, the respondent is suspended from the practice of law in this state for a period of one year. Costs attendant to the proceeding before the Grievance Committee in the sum of $135.45 shall be paid by the respondent into the registry of this court within ninety days.