### No. 79SA392

## The People of the State of Colorado v. Donald N. Pacheco

(608 P.2d 333)

Decided October 22, 1979.

Linda Donnelly, Robert B. Kane, for complainant.

Kenneth N. Kripke, for respondent.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This disciplinary proceeding has been submitted to us in the form of a stipulation by the respondent, Donald N. Pacheco, under which he agrees

to surrender his license to practice law and to not apply for reinstatement for eight years. For the reasons set forth in this opinion, we have accepted and approved the stipulation.

The respondent was admitted to the bar of this Court on September 17, 1963. He first undertook public service by serving as a member of the staff of the Denver District Attorney. As a deputy district attorney he proved that he has ability as a trial lawyer. Since his admission to the bar he has also been a leader in the community and was a district judge in the City and County of Denver. As a district judge he performed his duties with distinction and was a credit to the Denver District Court.

Donald N. Pacheco resigned his judicial office to pursue a private practice. He admits that his prominent position in the community caused him to have a burgeoning and financially rewarding law practice. Unfortunately, as his practice expanded he accepted employment in a great many cases, and, in some instances, he did not perform the services for which he was paid, to the detriment of his clients. He did not devote the same care and attention to his work in the private sector that he had offered to the public when he served as deputy district attorney and district judge.

Pacheco's neglect of clients resulted in four letters of admonition from the Grievance Committee. Neglect and delay by the respondent in a false arrest case resulted in a letter of admonition on December 4, 1973. His neglect and dilatory representation of a client in a dissolution of marriage case brought about a second letter of admonition on June 9, 1977. On July 26, 1978, he was further admonished for allowing his client to suffer a default judgment and the penalties of garnishment. Subsequently, on May 3, 1979, he was admonished a fourth time for accepting a fee after he failed to provide any service. In all of these cases, his admitted failure to render prompt legal services caused his clients to suffer a total loss of rights which the respondent agreed to protect.

The present charges before us are now consolidated as part of the record in this case. After the charges were at issue, we issued a rule to show cause why the respondent should not be suspended pending final determination of these grievance proceedings. Rather than responding to our rule to show cause, he has submitted a stipulation as his answer and has offered to surrender his license.[1] The stipulation provides that the respondent will surrender his license on October 17, 1979, and will not seek to be readmitted for eight years. He also agrees to provide notice to his clients of the fact that he has surrendered his license to practice law, and to fully comply with the provisions of Rule 255, C.R.C.P.

---

[1] The stipulation and this opinion deal specifically with complaints made in this case, and do not relate to the charge or recommendation in any other case.

To the respondent's credit, and after being advised by counsel, he entered into the stipulation for the purpose of protecting the general public and to maintain the integrity of the legal profession. He has admitted the allegations contained in two formal complaints in this case that were set for hearing before the Grievance Committee. The allegations are that he failed to account and pay over funds which he had obtained for one client, and that he collected substantial fees from other clients and failed to perform any legal service. He has admitted that such conduct is contrary to the provisions of DR 1-102(A)(4), (5) and (6), DR 6-101(A)(3), and DR 9-102(B)(3) and (4). He has also admitted violations of DR 2-110(A)(2) and DR 7-101(A)(3).

The offenses admitted by the respondent in his stipulation are contrary to the high standards of honesty, justice and morality expected of lawyers. *People v. James,* 176 Colo. 299, 490 P.2d 291 (1971); *People v. Radinsky,* 176 Colo. 357, 490 P.2d 951 (1971). Under ordinary circumstances we would not consider accepting the surrender of respondent's license as a means of concluding these disciplinary proceedings.Under the circumstances of this case, however, the punishment which respondent has agreed to is more severe than a suspension and is in many respects tantamount to disbarment. *See American Bar Association Standards for Lawyer Discipline and Disability Proceedings,* Standard 6.2 (1978).

The respondent has agreed that this opinion and his stipulation will be made known to the National Discipline Bank as a "voluntary surrender granted subsequent to admission of charges in pending disciplinary matters." In light of his cooperation in this matter and the Grievance Committees' recommendation for acceptance, the respondent's stipulation and his offer to tender his license is hereby accepted and approved by the Court.[2]

Accordingly, it is ordered that the respondent's license to practice law is to be surrendered to the Clerk of this Court on October 22, 1979, and the respondent is prohibited from making an application for readmission for a period of eight years. In addition, the respondent is ordered to pay costs in the amount of $166.44 within sixty days to the Clerk of this Court.

---

[2] Any grievance, other than those contained in the formal complaints in this case, which are the subject of the stipulation, may still be prosecuted to their conclusion. Should the Grievance Committee recommend further disciplinary action, this opinion and the admissions contained in the stipulation may be considered in determining whether further disciplinary sanctions should be imposed.