### No. 79SA408

### The People of the State of Colorado v. Donald N. Pacheco

(608 P.2d 334)

Decided January 21, 1980.

Linda Donnelly, Robert B. Kane, for Complainant.

Kenneth N. Kripke, for respondent.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

■ This is a disciplinary proceeding against the respondent, Donald N. Pacheco. Although the respondent undertook to represent Gilbert Hernandez and his wife, Dehlia Hernandez, and accepted a fee from his clients, the respondent disregarded his obligation to perform the legal services for which he was retained. Without going into extensive detail, the record shows that the respondent failed to protect his client's rights, and caused them inconvenience and a substantial financial loss. Moreover, he was less than candid with the court when questioned about settlement of one of the Hernandez' cases. No good purpose would be served by a further reiteration of the facts which were brought before the Grievance Committee.

In this case the Grievance Committee has recommended suspension for six months for failure of the respondent to carry out the duties he owed to his clients. *See People v. James*, 176 Colo. 299, 490 P.2d 291 (1971). However, while this case was being processed by the Grievance Committee, the respondent signed a stipulation, with the advice of counsel, which this Court approved. The stipulation agreed to an eight-year suspension following the respondent's surrender of his license to practice law, and is equivalent to disbarment. *People v. Pacheco*, 198 Colo. 455, 608 P.2d 333 (1979). In view of our previous action in accepting the surrender of respondent's license for eight years, a six-month suspension would be meaningless, unless it was made to run consecutively.[1]

Accordingly, the respondent is suspended and may not reapply for readmission until eight years and six months after October 22, 1979. The

---

[1] Our records reflect that additional grievance proceedings against the respondent resulted in four letters of admonition being issued between December 4, 1973 and May 3, 1979. Two of the letters of admonition advise the respondent of his violation of DR6-101(A)(3) and DR7-101(A)(3) for neglect in handling legal matters entrusted to him. Another letter pointed out the respondent's breach of DR2-110(A)(3) for withdrawal as counsel coupled with the subsequent failure to refund an unearned fee.

respondent shall not be readmitted unless he can show by clear and convincing evidence that he has complied with all applicable discipline or disability orders, and shows, by such procedures as then may be required, that he possesses the requisite fitness and competence to practice law.