**Nos. 79SA392 and 79SA408**

**The People of the State of Colorado v. Donald N. Pacheco**

(618 P.2d 1102)

Decided May 12, 1980.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for complainant.

Leonard M. Chesler, for attorney-respondent.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding is an outgrowth of protracted disciplinary proceedings against the respondent, Donald N. Pacheco. In *People v. Pacheco,* 198 Colo. 455, 608 P.2d 333 (1979), the responent acknowledged that he "failed to account and pay over funds which he had obtained for one client and that he collected substantial fees from other clients and failed to perform any legal services." On the basis of an independent investigation and the information contained in *People v. Pacheco, supra* and *People v. Pacheco,* 199 Colo. 108, 608 P.2d 334 (1980), the district attorney concluded that criminal conduct may have occurred. He subsequently filed a petition in this Court for an order directing the Grievance Committee to produce all of its files relating to the two reported *Pacheco* cases for use by the district attorney in his investigation and prosecution of the respondent. We issued a rule to show cause why the request should not be granted. We now grant the request for discovery.

Pursuant to the Supreme Court's power to prescribe the rules governing the discipline of attorneys, *see People v. Susman,* 196 Colo. 458, 587 P.2d 782 (1978), we adopted C.R.C.P. 259(A), which provides:

"None of the proceedings provided for herein shall be public and the records of the Committee, Panels, and all Hearings Committees, together with all proceedings before such panels or Hearings Committees, shall be confidential and shall not be exhibited nor shall the contents thereof, or any proceedings had in connection therewith be divulged or made public, *except by order of Court.*" (Emphasis added.)

Recognizing the need to make the evidence and proceedings of the Grievance Committee known under certain limited circumstances, we reserved the right to determine on an individual basis whether the purposes underlying the confidentiality rule must give way to the merits of a particular request for disclosure. The specific question to be addressed here is under

what circumstances a district attorney's request for information relating to criminal conduct will warrant an exception to the rule.

In *Petition of the Colorado Bar Association*, 137 Colo. 357, 325 P.2d 932 (1958), we recognized that the primary purpose underlying the imposition of confidentiality on grievance proceedings is to protect the reputation of an attorney charged with unprofessional conduct until such time as the charges are formally proven and acted upon by this Court. A second purpose of the rule is to protect the anonymity of complainants who desire that their complaints remain confidential, at least until a formal determination is made by the Grievance Committee to institute proceedings against the attorney-respondent.[1]  A third purpose of the rule is to maintain the integrity of pending Grievance Committee investigations. Grievance proceedings are designed for the purpose of discovering and imposing proper sanctions for unprofessional conduct — they are not conducted for the purpose of investigating criminal conduct. Both the policing of the bar for unprofessional conduct, and also the prosecution of criminal offenses are substantially protected where confidentiality is maintained until all disciplinary proceedings have been concluded and disciplinary sanctions have been issued.

■ In view of the limited interests served by maintaining confidentiality after a grievance proceeding has been concluded with the imposition of sanctions on the attorney respondent,[2] we hold that a district attorney may obtain access to the Grievance Committee's files provided that the following requirements are met. First, the district attorney's request must be made pursuant to an ongoing criminal investigation. *See American Bar Association Standards of Lawyer Discipline and Disability Proceedings*, 3.15 (approved 1979).[3]  Second, the prosecution's request must set forth the evidence or information required which must relate to the charges being investigated. Where these conditions are satisfied, and absent any other countervailing factors weighing in favor of confidentiality

---

[1] *See Younger v. Solomen*, 38 Cal. App.3d 289, 113 Cal. Rptr. 113, 119 (1974). "[A] complainant . . . is entitled to have the fact that he has filed a complaint against an attorney kept confidential until such time as the charges are found to be true and disciplinary action is taken."

[2] In this case we are not required to make a determination as to whether a district attorney may validly obtain access to materials in the Grievance Committee files prior to the time that all proceedings have been completed and sanctions are recommended.

[3] Standard 3.15 of the ABA Standards of Lawyer Discipline and Disability Proceedings provides: *Exchange of Information with other Agencies — Confidential Information.* Information regarding matters that are not public should be available only to agencies authorized by the court to receive such information and only if:
(a) the disclosure is made in furtherance of an ongoing investigation into misconduct of the respondent; or
(b) the respondent authorized the disclosure after inspecting the information to be released, if he requests that opportunity; or
(c) the respondent has been furnished a copy of the information proposed to be disclosed and has had a reasonable opportunity to seek to prevent disclosure.

that are unique to a particular case, the court will order that the requested materials be made available to the district attorney.

In this case, the district attorney has instituted an investigation and, in fact, has filed charges against the respondent for allegedly committing the crime of theft against Lupe and Orlando Coco, two of the complainants in *People v. Pacheco, supra,* 608 P.2d 333. Pursuant to his investigation, the district attorney has determined that other individuals who have filed complaints against Pacheco might be able to provide information or testimony that would enable the district attorney to establish criminal intent through a showing of a common scheme or plan. Consequently, he has requested that this Court grant him access to the Grievance Committee's files to enable him to discover the names of all complainants and to review the materials contained therein to determine if any of them are relevant to the criminal prosecution.[4]

In our view, the district attorney has met the standards for disclosure that are set forth in this opinion. His request is carefully tailored to meet the specific needs of his investigation and it is clear to us that the district attorney is not engaging in a "fishing expedition." We therefore order that the Grievance Committee make the requested files available for inspection by the district attorney.

---

[4] In the district attorney's petition for release of the Grievance Committee's records and transcripts of proceedings, he asks this Court to order the release of all of the records, files, and transcripts in possession of the Grievance Committee relating to Donald N. Pacheco. In the district attorney's prayer for relief, however, he requests that this Court order the Grievance Committee to furnish all records, files, and transcripts of proceedings with respect to Donald N. Pacheco which, if substantiated, would constitute a violation of the penal laws of the State of Colorado. The latter phrasing of the district attorney's request would improperly require this Court to make an *ex parte* determination of whether certain acts would constitute a criminal violation.