## No. 80SA282

## The People of the State of Colorado v. Jon C. Hilgers

(612 P.2d 1134)

Decided July 7, 1980.

Linda Donnelly, for complainant.

Jon C. Hilgers, Pro se.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This disciplinary proceeding has a long and tortured background. Jon C. Hilgers, the respondent, has misled the Court and has defaulted in his appearance before the Colorado Supreme Court Grievance Committee. The record before us establishes not only serious and aggravated disciplinary violations by the respondent, but also possible criminal conduct

which has been the subject of formal charges in the Twentieth Judicial District (Boulder, Colorado). *See People v. Pacheco*, 199 Colo. 108, 608 P.2d 334 (1980). We now order that the respondent be disbarred.

As a result of a number of serious complaints before the Grievance Committee, the respondent was suspended on July 19, 1979. *See* C.R.C.P. 259(F). On August 16, 1979, the respondent, by reason of his petition and stipulation, was permitted to resign as a member of the Bar of this Court for a period of one year. His right to resign was predicated in part upon his assertion that he had a complete defense to the charges which were made against him. Subsequent proceedings before the Grievance Committee have demonstrated that the respondent did not have, or desire to assert, a defense to the charges and that he had misappropriated substantial sums of money from some of his clients.

Although he was personally served, the respondent did not appear in person, or by counsel, to answer the charges presented against him. After clear and convincing evidence was presented on each charge, the Grievance Committee recommended disbarment. Those recommendations were mailed by the Clerk of the Supreme Court to all of the parties designated in C.R.C.P 251(E), including the respondent. Because the respondent had moved and left no forwarding address, the certified letter containing the Grievance Committee's Findings, Conclusions and Recommendations was returned unopened.[1] His whereabouts are unknown at this time.

Based on the uncontested allegations and the clear and convincing evidence in the record, which establishes that the respondent has misappropriated funds entrusted to him by his clients, we now approve the Findings, Recommendations and Conclusions of the Grievance Committee. By his unethical conduct, the respondent has violated C.R.C.P. 241(B), together with D.R. 1-102(A)(4) and 6-101(A)(3). *See People v. Radinsky*, 182 Colo. 259, 512 P.2d 627 (1973). Accordingly, we order that the respondent be disbarred and his name stricken from the roll of attorneys authorized to practice before this Court.

The respondent shall not be permitted to apply for reinstatement for a period of ten years and then only upon establishing that he has been rehabilitated, is fit to practice law, has complied with all disciplinary orders of this Court, and has made restitution to his clients who have heretofore

---

[1] C.R.C.P. 251(E) and 252(B) normally require that a copy of the Grievance Committee's Findings, Conclusions and Recommendations be sent to the respondent. In this case the respondent did not receive a copy of the letter because he failed to file a supplemental change of address form with the Clerk of the Supreme Court as required by C.R.C.P. 227 (1979 Supp.). Since the respondent has not reported his change of address, and has previously been served, we hold that the certified mailing satisfied Rules 251(E) and 252(B). We also note that by failing to appear at the grievance proceedings either in person or by counsel, the respondent waived his right to file exceptions to the Findings, Recommendations and Conclusions of the Grievance Committee.

filed complaints before the Grievance Committee for misappropriation of funds. In addition, costs are assessed in the amount of $316.34, which shall be paid to the Clerk of the Supreme Court within ninety days.

In view of the length of the minimum term of disbarment, the respondent will not be permitted to establish his competence to practice law by any other means than by retaking the bar examination. Moreover, he may not take the bar examination until such time as he establishes to the satisfaction of the Grievance Committee that the other conditions which we have imposed have been satisfied.