## The PEOPLE of the State of Colorado, Complainant,

v.

## Lowell Gary HEBENSTREIT, Attorney–Respondent.

### No. 88SA122.

Supreme Court of Colorado, En Banc.

Oct. 17, 1988.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Chief Deputy Disciplinary Prosecutor, Denver, for complainant.

Lowell Gary Hebenstreit, Lakewood, pro se.

ERICKSON, Justice.

This is a disciplinary proceeding against the respondent, Lowell Gary Hebenstreit. Three separate disciplinary complaints against the respondent were consolidated prior to the hearing. The hearing board's findings of fact and recommendation that the respondent be suspended for three years and pay the costs of these proceedings were approved by a hearing panel of the Colorado Supreme Court Grievance Committee.

The respondent was admitted to the bar of the Supreme Court of the State of Colorado in 1972, and the supreme court has jurisdiction of all three complaints. At the time of the hearing, the respondent, after being advised of his right to counsel and his right to remain silent on any issues that might tend to incriminate him, admitted all relevant facts in the three complaints as well as violations of the rules of this court and the Code of Professional Responsibility. The respondent's stipulation at the hearing included a factual summary of events that led to the prosecution and conviction of the respondent for a misdemeanor offense related to prostitution. In the criminal proceeding the respondent entered a plea of guilty and was sentenced to a deferred judgment and unsupervised probation for one year. On February 13, 1987, after serving the probationary term, the original charge was dismissed. The two remaining complaints relate to neglect of legal matters entrusted to the respondent.

I.

The disciplinary prosecutor and the complainant joined with the respondent in stipulating to the following statement relating to the unprofessional conduct of the respondent:

In 1985, respondent undertook the representation of Defendant Doe who was the subject of a continuing police investigation of certain criminal activities. During the course of his representation of Defendant Doe, respondent counseled and advised Defendant Doe in committing and continuing the criminal enterprise and in avoiding criminal prosecution for these activities. The foregoing violated Rules 241.6(1), (3), and (5) of the Colorado Supreme Court Rules concerning discipline of attorneys and also violated the Code of Professional Responsibility, DR1–102(A)(3), DR1–102(A)(6), DR2–106(A), and DR7–102(A)(7). Further conduct of respondent during the representation of Defendant Doe violated DR5–101(A).

The hearing board and the hearing panel both approved the stipulation and the statement of facts agreed upon as a foundation for the respondent's suspension for three years.

C.R.C.P. 241.6 provides in pertinent part:

**Grounds for Discipline**

Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

(1) Any act or omission which violates the provisions of the Code of Professional Responsibility;

. . . .

(3) Any act or omission which violates the highest standards of honesty, justice, or morality;

. . . .

(5) Any act or omission which violates the criminal laws of this state or any other state, or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that acquittal in a criminal proceeding shall not necessarily bar disciplinary action.

The respondent also violated the Code of Professional Responsibility and particularly the following disciplinary rules: DR 1-102(A)(1) (violation of disciplinary rule) (ABA Model Rule 8.4(a)); DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) (ABA Model Rule 8.4(b)); DR 1-102(A)(6) (engaging in any other conduct that adversely reflects on his fitness to practice law); DR 2-106(A) (agreement to collect or receive an illegal fee); DR 5-101(A) (acceptance of employment affecting the professional judgment of the lawyer by reason of his personal interests) (ABA Model Rule 1.7); and DR 7-102(A)(7) (counselor assists his client in conduct that the lawyer knows to be illegal or fraudulent) (ABA Model Rule 1.2(d)).

## II.

A second complaint centers on the respondent's failure to comply with a court directive, and his neglect and delay in handling a legal matter entrusted to him. In a dissolution of marriage proceeding, the respondent represented the wife. The husband in that case is the complainant before the Grievance Committee. Following a permanent orders hearing on May 27, 1986, the respondent was ordered by the court to prepare the permanent orders and decree within twenty days. He failed to prepare them. The husband's attorney called the respondent several times to inquire about the preparation of the order, but the calls were not answered. On July 2, 1986, he wrote the respondent and requested that the respondent prepare the permanent orders and the letter was not answered. Thereafter, the husband filed a request for investigation with the Grievance Committee. After the respondent received a copy of the request for investigation, he prepared the order and a promissory note. The husband's lawyer proposed changes and requested a financing statement to secure the note. The respondent prepared the financing statement and a final draft of the order and note, and filed the order and decree with the court on November 10, 1986, but did not provide the husband's lawyer with the signed note and the financing statement.

On March 26, 1987, the Grievance Committee issued a letter of admonition to the respondent for his neglect in preparing the permanent orders and decree, and for his failure to provide the husband's lawyer with the executed promissory note and financing statement. The respondent was admonished and advised by the Grievance Committee to prepare the note and financing statement, and to deliver the executed copies to the husband's lawyer with proof of delivery to the Grievance Committee's investigator. The respondent failed to do so. In addition, the respondent did not answer the complaint and, after failing to comply with the directions contained in the letter of admonition, a default was entered on August 14, 1987. At the hearing on the combined complaints, the respondent did

not request that the default be set aside and at that time admitted both the allegations in the complaints and the violations of the disciplinary rules. *See People v. Richards*, 748 P.2d 341 (Colo.1987); *People v. Jacobson*, 747 P.2d 654 (Colo.1987). Respondent's conduct violates C.R.C.P. 241.6 and the Code of Professional Responsibility and particularly, DR 1–102(A)(1) (violation of a disciplinary rule) (ABA Model Rule 8.4(a)) and DR 6–101(A)(3) (neglect of a legal matter entrusted to him) (ABA Model Rule 1.3).

## III.

In November 1983, the respondent agreed to represent Cynthia Seda and to file a lawsuit, if necessary, to collect on an insurance claim that she had made for a gunshot wound. He later entered into a contingent fee agreement with his client and advised his client that he had filed a claim with the insurance carrier. Thereafter, he failed to respond to phone calls from his client. When he finally met with his client in April 1986, she threatened to retain other counsel. He admitted at the time that he had not filed anything on her behalf but agreed to file a complaint. A complaint was filed and the return of service of is dated January 28, 1987. Since that time he has done nothing further to prosecute the claim. His client has secured other counsel who has been unable to secure the file from the respondent in spite of repeated requests.

After his client filed a complaint with the Grievance Committee, the respondent failed to file an answer even though the Grievance Committee's investigator advised him that his failure to answer and cooperate could in itself result in disciplinary sanctions. The respondent also failed to appear for a deposition in this case because he claimed he mistakenly calendared the deposition on the wrong date. Even though the respondent admitted the allegations in the complaint at the hearing, his failure to cooperate in the investigation and to respond to the complaint is unpardonable and violates C.R.C.P. 241.6(7).

The respondent's conduct violates C.R.C.P. 241.6, the Code of Professional Responsibility, and more particularly DR 1–102(A)(1) (violation of a disciplinary rule) (ABA Model Rule 8.4(a)); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) (ABA Model Rule 8.4(c)); DR 6–101(A)(3) (neglect of a legal matter entrusted to him) (ABA Model Rule 1.3); and DR 9–102(B)(4) (failure to promptly deliver his client's file, after a request was made, to other counsel) (ABA Model Rule 1.15).

## IV.

The hearing board accepted both the stipulation agreed to by the respondent and the admission of the respondent that he had committed the acts set forth in the three separate complaints. The respondent also admitted that he had violated C.R.C.P. 241.6 and the particular disciplinary rules in the Code of Professional Responsibility that are specified in this opinion.

The hearing board considered aggravating and mitigating circumstances to arrive at a proper sanction for the admitted unprofessional conduct of the respondent. In considering the proper sanction, the hearing board reviewed the ABA Standards for Imposing Lawyer Sanctions (Standards). Suspension for lack of diligence was deemed to be proper since the respondent caused injury or potential injury to his client. Suspension pursuant to Standard 4.42 was also supported by Standard 5.12, since the respondent knowingly engaged in criminal conduct. In addition, the respondent's prior letters of admonition, the multiple offenses, and the bad faith obstruction of the disciplinary proceedings coupled with his substantial experience in practicing law were all aggravating circumstances. Standard 9.22. The respondent also asserts that after the criminal episode occurred he was convinced that he would be disbarred and accordingly neglected his other clients' legal work, which is an additional aggravating circumstance. The hearing board considered as mitigation the imposition of a probationary sentence for his criminal conduct, the respondent's re-

morse, his admission of the facts at the hearing and his admission that he violated the disciplinary rules. Standard 9.32.

## V.

The hearing panel and the hearing board have recommended a three-year suspension, and that the respondent should be counseled by a mental health professional who would have access to the materials before the Grievance Committee. No mental health professional testified, or in fact, examined the respondent. The hearing board, in approving the findings and recommendations of the hearing panel, points out that the facts in this case are less egregious than *People v. Morley*, 725 P.2d 510 (Colo.1986), and *People v. Grenemyer*, 745 P.2d 1027 (Colo.1987). We disbarred both Morley and Grenemyer. The facts in the *Morley* case are similar to this case. In both cases, an effort was made by a member of the bar to foster a scheme for prostitution by providing advice on means to avoid prosecution for criminal activity. In this case, three-year suspension and not disbarment was the unanimous recommendation of the Grievance Committee. With some trepidation we approve the recommendation and impose a three-year suspension. We elect not to order that the respondent be counseled by a mental health professional because we believe that the facts in this case require that the respondent not only comply with the provisions of C.R.C.P. 241.22(b), but also that the respondent's readmission be conditioned upon certification by the State Board of Law Examiners of the respondent's successful completion of the bar examination and other proof of professional competence.

Accordingly, the respondent, Lowell Gary Hebenstreit, is suspended for a period of three years and is ordered to pay the costs of these proceedings in the amount of $356.76 to the Grievance Committee, 600–17th Street, Suite 500–S, Denver, Colorado 80202–5435, within thirty days of the date of this opinion. The respondent may not be reinstated until:

(1) The costs are paid;

(2) Three years have expired after this opinion is announced;

(3) All provisions of C.R.C.P. 241.22 have been complied with; and the respondent has established, by clear and convincing evidence, that he is rehabilitated; and

(4) The respondent has successfully passed the Colorado bar examination.