The **PEOPLE** of the State of Colorado, Complainant,

v.

Lowell Gary **HEBENSTREIT**, Attorney–Respondent.

Nos. 89SA482, 91SA281 and 91SA334.

Supreme Court of Colorado, En Banc.

Jan. 13, 1992.

Linda Donnelly, Disciplinary Counsel, George S. Meyer, Deputy Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Lowell Gary Hebenstreit, pro se.

## PER CURIAM.

We have consolidated these three attorney disciplinary proceedings brought against the respondent, Lowell Gary Hebenstreit, for purposes of one opinion and order. We approve the findings of fact and conclusions of the three separate hearing boards in Nos. 89SA482, 91SA281, and 91SA334. In No. 91SA281, a hearing panel of the Supreme Court Grievance Committee approved the recommendation of the hearing board that the respondent be disbarred and assessed costs. Because we accept the recommendation of the panel in No. 91SA281 that the respondent be disbarred, we do not reach the hearing panels' recommendations for discipline in Nos. 89SA482 and 91SA334.

### I.

The respondent was admitted to the bar of this court on September 27, 1972, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b).

### No. 91SA281

In No. 91SA281, the respondent filed an answer denying every allegation contained in the complaint filed by the disciplinary counsel. The respondent did not appear at the hearing before the board, however, and did not present any evidence. Based upon the evidence presented by the disciplinary counsel and the assistant disciplinary counsel, the board found that the following facts were established by clear and convincing evidence.

The respondent was retained to defend Wesley Harvey in a criminal proceeding. Harvey was alleged to be the driver of a motor vehicle which struck and seriously injured a pedestrian in 1985. The respondent was also the attorney of record in a civil action brought against Harvey in 1987 by an insurer to recover payments the insurer had made to the pedestrian under a contract of insurance. During the course of the respondent's representation of Harvey in the civil action between 1987 and October 1988, the respondent failed to respond to various discovery motions, failed to attend a case management hearing and neglected to sign a return of case management order sent by the court, did not reply to a motion for partial summary judgment, and failed to respond to a request for admissions filed by the attorney for the plaintiff insurer. As a result, on October 20, 1988, the district court entered partial summary judgment in favor of the insurer on the issue of liability. On November 22, 1988, the district court allowed the respondent to withdraw as Harvey's counsel.[1] The plaintiff insurer filed a motion for summary judgment on the remaining issue of damages, predicated on the defendant's failure to respond to the requests and orders for discovery. The district court subsequently entered summary judgment against Harvey in favor of the insurer in the amount of $48,650.25 plus costs and interest, the full amount requested in the insurer's complaint.

The attorney for the insurer testified that the respondent made no attempts to negotiate or resolve the matter short of the judgment against Harvey. Harvey testified that he was served with a summons in the civil action while he was appearing in

---

1. On October 17, 1988, we suspended the respondent for three years because of his neglect of two legal matters and his conviction for a misdemeanor offense. *People v. Hebenstreit,* 764 P.2d 51 (Colo.1988). One of the conditions we imposed for reinstatement was that the respondent pass the Colorado bar examination. 764 P.2d at 54. The respondent remains suspended under our earlier opinion and order.

court on the criminal case, but that the respondent never informed him of the progress of the civil case. Harvey stated that he was never given the opportunity to negotiate the amount of the judgment that was ultimately entered against him.[2]

The hearing board concluded, and we agree, that the respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer), and DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client). The board also determined, and this finding is supported by the record, that the respondent's misconduct caused Harvey serious injury.

### No. 89SA482

Two separate formal complaints were consolidated by the hearing board in No. 89SA482. An order of default was entered against the respondent with respect to the first complaint and the allegations of fact in the complaint were deemed admitted. *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, and evidence tendered by the deputy disciplinary counsel, the hearing board found that the following allegations and charges of misconduct contained in the complaint were established by clear and convincing evidence: (1) the respondent failed to file opening briefs in two separate appeals of orders of revocation of driver's licenses and failed to respond to show cause orders issued by the Colorado Court of Appeals in those two appeals, with the result that both appeals were dismissed; (2) the respondent failed to file the record in an appeal for a client who had been convicted of a felony drug offense and failed to respond to a show cause order, and the appeal was dismissed; and (3) the respondent failed to respond in a timely manner to the requests for investigation sent to him by the grievance committee.

The board concluded that the respondent's conduct violated DR 6–101(A)(3) (neglect of a legal matter), DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties, constitutes grounds for lawyer discipline).

The second complaint within No. 89SA482 involved the respondent's failure to handle the defense of a suit for specific performance of a contract for the sale of real property and the respondent's misrepresentations to his clients regarding the status of the suit. After listening to testimony from the parties, including the respondent and the complaining witness, and receiving exhibits into evidence, the hearing board found that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means), DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client), and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship).

### No. 91SA334

The respondent also defaulted with respect to the complaint filed in No. 91SA334. Based on the default and other evidence adduced by the assistant disciplinary counsel, the hearing board found by clear and convincing evidence that the respondent neglected to handle an action that he had been retained to prosecute. The lawsuit involved the alleged breach of an agreement for the sale of the respondent's

---

2. The complaint filed by the disciplinary counsel charged in Count II that the respondent agreed to handle an unrelated case involving child support on behalf of Harvey's wife Teresa, but that the respondent took no action in the matter. The hearing board concluded that it had not been established by clear and convincing evidence that a client-lawyer relationship existed between Teresa Harvey and the respondent in the child support matter. The assistant disciplinary counsel has not excepted to this finding.

client's collection of Indian artifacts. The respondent's inaction resulted in the dismissal of the lawsuit, and his conduct violated DR 6-101(A)(3) (neglect of a legal matter). The respondent also misrepresented the status of the case to his client, contrary to DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation).

## II.

 The hearing panel in No. 91SA281 approved the recommendation of the hearing board that the respondent be disbarred and be assessed costs. The respondent has not excepted to this recommendation.[3] Based on the findings in these three proceedings—which pertain to the time period between 1985 and October 1988—the respondent engaged in an extensive pattern of neglect of client matters, he intentionally failed to carry out a number of contracts of employment, and then he misrepresented the status of the proceedings and of his efforts of representation to more than one client. In October 1988, we suspended the respondent for three years because of his neglect of two legal matters and his conviction for a misdemeanor offense. *People v. Hebenstreit*, 764 P.2d 51 (Colo.1988). In that case, we accepted "[w]ith some trepidation," *id.* at 54, the recommendation of the hearing panel that the respondent be suspended rather than disbarred. Given the findings of misconduct in the present cases, we conclude that the hearing panel's recommendation that the respondent be disbarred is both appropriate and inescapable. We also order that the respondent be assessed the combined certified costs of these three proceedings in the amount of $1,766.05.

3. The record in No. 91SA281 contains what purports to be an offer or attempt by the respondent to surrender his license to practice law in Colorado. The offer was made prior to the hearing boards' findings and recommendations in Nos. 91SA281 and 91SA334, but after the filing of the formal complaints in those proceedings. Because of the nature and extent of the respondent's misconduct, and because the hearing panel in No. 91SA281 recommended that the

## III.

Accordingly, it is hereby ordered that Lowell Gary Hebenstreit be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that, prior to any application for readmission, Hebenstreit pay the costs of these proceedings in the amount of $1,766.05 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500-S, Dominion Plaza, Denver, Colorado 80202.

respondent be disbarred, we decline to accept the respondent's offer to surrender his license. *Cf. People v. Pacheco*, 198 Colo. 455, 608 P.2d 333 (1979) (where the respondent offered to surrender his license to practice law and the punishment the respondent agreed to was more severe than that recommended by the grievance committee, the court accepted the surrender of the license as a means of concluding the disciplinary proceedings).