The **PEOPLE** of the State of Colorado, Complainant,

v.

Richard A. **SCHAEFER**, Attorney–Respondent.

No. 97SA249.

Supreme Court of Colorado, En Banc.

Sept. 15, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Charles E. Mortimer, Jr., Lakewood, for Attorney–Respondent.

PER CURIAM.

The parties in this lawyer discipline case entered into a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. In the conditional admission, the respondent consented to disbarment. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent be disbarred. We accept the

conditional admission and the inquiry panel's recommendation.

## I.

The respondent was licensed to practice law in this state in 1969. He was immediately suspended from the practice of law pursuant to C.R.C.P. 241.8 on September 19, 1996, pending further order of this court. On May 19, 1997, the respondent was suspended for two years for misconduct unrelated to this case. *See People v. Schaefer*, 938 P.2d 147 (Colo.1997).

The conditional admission details the respondent's actions as the conservator of Mina Paris, and later as the personal representative of her estate. Because of the agreement as to the proper disposition of this case, no good purpose would be served by repeating the circumstances of the numerous transactions involved. As summarized in the conditional admission:

jj. From July 1987 through December 1992, respondent collected approximately $307,289.97 in estate funds and paid out approximately $261,008.35 in estate expenses and assets to the beneficiaries. Of the total amount of estate funds collected by respondent, approximately $46,281.62 remains unaccounted for by respondent.

kk. Respondent is unable to account for approximately $46,281.62 in funds of the estate, failed to timely file estate accountings, filed estate accountings that contained incorrect information and misrepresentations, failed to comply with the probate court's order to auction the estate property, sent a letter to a beneficiary containing misrepresentations, and failed to timely close the estate and distribute assets to the beneficiaries. The respondent would testify that if he had sold the property at auction the estate would have suffered a loss, and that he was not required by the probate code to make the disclosures alleged herein.

The respondent has admitted that his conduct in administering the Paris estate (occurring before and after the effective date of the Rules of Professional Conduct, January 1, 1993) violated DR 1–102(A)(4) and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); DR 1–102(A)(6) and Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law); DR 6–101(A)(3) and Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer); DR 7–106(A) (disregarding a standing rule or a ruling of a tribunal); DR 9–102(B)(3) (failing to maintain complete records of client property in the possession of the lawyer and to render appropriate accounts to the client); Colo. RPC 1.15(a) (failing to segregate client property from the lawyer's own property); Colo. RPC 1.15(b) (failing to promptly deliver funds or property the client or third party is entitled to receive); and Colo. RPC 8.4(g) (engaging in conduct which violates accepted standards of legal ethics).

Moreover, when he served as Paris's conservator prior to her death on June 14, 1987, the respondent liquidated $34,221.36 from an investment account in May 1986, taking $10,000 of that amount and improperly depositing it into his law office operating account. The respondent represents that this $10,000 was for funds that he had advanced to the conservatorship, but the conditional admission states that the respondent "has no documentary evidence to support that allegation," and "is unable to account for the $10,000.00."

In addition, when a $24,684.20 note held by the estate was paid off on September 4, 1986, the respondent deposited $10,000 of these estate proceeds to his own account as a "retainer." The respondent did not disclose the fee nor was it consented to by the court or the conservatorship. The respondent is unable to account for this $10,000.

The respondent stipulated that he thereby violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law); DR 7–101(A)(3) (intentionally prejudicing or damaging the lawyer's client); and DR 9–102(B)(3) (failing to main-

tain complete records of client property and to render appropriate accounts to the client).

## II.

The respondent has agreed to disbarment in the conditional admission.[1] The inquiry panel approved the conditional admission and recommended disbarment. In separate analyses of discipline, the complainant and the respondent offer differing interpretations of the respondent's conduct in the Mina Paris matter. The complainant characterizes the respondent as having "engaged in shameful conduct by taking advantage of the informal probate process which allowed him to manipulate and ultimately steal funds belonging to the beneficiaries of the Paris estate."

On the other hand, in his statement of mitigation, the respondent essentially denies any dishonest wrongdoing in his administration of the Paris estate, and states, "Respondent has accounted for all monies and the estate has benefited from all monies received by the Respondent as Personal Representative after payment of administrative costs and expenses, including attorney fees."

While the respondent's statement in mitigation appears to be inconsistent with the representations he has made, under oath, in the conditional admission, we need not resolve the apparent conflict. Examining the conditional admission, and taking into account that the respondent is currently serving a two-year suspension for other misconduct, we agree that disbarment is the proper result in this case. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III.

It is hereby ordered that Richard A. Schaefer be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. The respondent is also ordered to

pay the costs of this proceeding in the amount of $5,848.13 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

---

1. The conditional admission states that the respondent offered to surrender his license to practice law, but the deputy disciplinary counsel refused to agree to the surrender. *See* C.R.C.P. 227(A)(8) (lawyer may petition the supreme court to resign from the practice of law *provided* no disciplinary or disability matter is pending

against the lawyer); *People v. Hebenstreit*, 823 P.2d 125, 128 n. 3 (Colo.1992) (declining to accept attorney's offer to surrender his license where disciplinary proceedings were pending against attorney and recommendation was for disbarment).